# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MARK DOBRONSKI, individually and on behalf of class of all persons and entities similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY<br><br>    Defendant. | No. 5-25-cv-13806<br><br>Hon. Robert J. White, U.S.D.J.<br>Hon. Elizabeth A. Stafford, U.S.M.J.<br><br>**<u>CIVIL ACTION</u>**<br><br>**JURY TRIAL DEMANDED** |

## <u>DEFENDANT'S MOTION TO DISMISS CLASS ACTION COMPLAINT</u>

Defendant State Farm Mutual Automobile Insurance Company ("State Farm") moves this Court for an Order dismissing the claims against it with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  In accordance with LR 7.1(a), on January 20, 2026, counsel for State Farm conferred with Plaintiff's counsel to explain the nature of this Motion and its legal basis, and to request concurrence in the relief sought, but State Farm did not obtain concurrence in the relief sought.

WHEREFORE, State Farm requests that this Court grant its Motion and enter an Order dismissing all claims against it with prejudice.

Respectfully submitted,

/s/ *Ariel Wilson*
Ariel Wilson (P84528)
RILEY SAFER HOLMES & CANCILA LLP
2723 South State Street, Suite 150
Ann Arbor, Michigan 48104
Office: 734.773.4900
Fax: 734.773.4901
awilson@rshc-law.com

Joseph A. Cancila, Jr.
RILEY SAFER HOLMES & CANCILA LLP
1 South Dearborn Street, Suite 2200
Chicago, Illinois 60603
Office: 312.471.8700
Fax: 312.471.8701
jcancila@rshc-law.com

*Attorneys for Defendant State Farm Mutual*
*Automobile Insurance Company*

Dated:  January 21, 2026

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| MARK DOBRONSKI, individually and on behalf of class of all persons and entities similarly situated, | No. 5-25-cv-13806 |
| Plaintiff, | Hon. Robert J. White, U.S.D.J.<br>Hon. Elizabeth A. Stafford, U.S.M.J. |
| v. | **CIVIL ACTION** |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | **JURY TRIAL DEMANDED** |
| Defendant. | |

## DEFENDANT'S BRIEF IN SUPPORT OF
## ITS MOTION TO DISMISS CLASS ACTION COMPLAINT

Ariel Wilson (P84528)
RILEY SAFER HOLMES & CANCILA LLP
2723 South State Street, Suite 150
Ann Arbor, Michigan 48104
Office: 734.773.4900
Fax: 734.773.4901
awilson@rshc-law.com

Joseph A. Cancila, Jr.
RILEY SAFER HOLMES & CANCILA LLP
1 South Dearborn Street, Suite 2200
Chicago, Illinois 60603
Office: 312.471.8700
Fax: 312.471.8701
jcancila@rshc-law.com

*Attorneys for Defendant State Farm Mutual Automobile Insurance Company*

i

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

INTRODUCTION ................................................................................................1

BACKGROUND .................................................................................................2

I.  Plaintiff's Serial TCPA Lawsuits ...............................................................2

II.  Plaintiff's Allegations in this Action .........................................................3

ARGUMENT .......................................................................................................7

I.  This Action Should Be Dismissed Pursuant to Rule 12(b)(1) Because Plaintiff Cannot Establish that His Alleged Injury Is Fairly Traceable to State Farm. .................................................................................................7

II.  Plaintiff's Action Should Be Dismissed Pursuant to Rule 12(b)(6)............11

    A.  Plaintiff Has Not Alleged Any Facts Supporting His Conclusory Assertions that State Farm Placed the Calls........................................12

    B.  Plaintiff Has Not Plausibly Pleaded Any Theory of Vicarious Liability. ...............................................................................................14

    C.  Count II Should Be Dismissed Because Plaintiff Fails to Allege that He Is the Person Who Registered the Numbers with the DNC Registry Prior to the Calls. ...............................................................15

    D.  Count III Should Be Dismissed Because There Is No Private Right of Action for an Alleged Violation of 47 C.F.R. § 64.1601(e)..........19

CONCLUSION ...................................................................................................21

# TABLE OF AUTHORITIES

Page

**CASES**

*Alexander v. Sandoval,*
    121 S. Ct. 1511 (2001) ..........................................................................................20

*Ashcroft v. Iqbal,*
    129 S. Ct. 1937 (2009) ...................................................................................11, 13

*Baccari v. Carguard Admin., Inc.,*
    22-CV-1952, 2022 WL 3213839 (E.D. Pa. Aug. 8, 2022) ...................................11

*Barker v. Sunrun Inc.,*
    No. CV 18-855 .......................................................................................................9

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) .............................................................................................11

*Bridgeview Health Care Ctr., Ltd. v. Clark,*
    816 F.3d 935 (7th Cir. 2016) ...............................................................................11

*Brown v. DirecTV, LLC,*
    562 F. Supp. 3d 590 (C.D. Cal. 2021) .................................................................14

*Cacho v. McCarthy & Kelly LLP,*
    739 F. Supp. 3d 195 (S.D.N.Y. 2024) ...........................................................10, 13

*Callier v. Am.-Amicable Life Ins. Co. of Texas,*
    No. EP-22-CV-00018-FM, 2022 WL 17732717 (W.D. Tex. Oct. 18, 2022) .........18

*Campbell-Ewald Co. v. Gomez,*
    577 U.S. 153 (2016) .............................................................................................14

*Changizi v. Dep't of Health & Hum. Servs.,*
    82 F.4th 492 (6th Cir. 2023) .................................................................................8

*Chapman v. Tristar Prods., Inc.,*
    940 F.3d 299 (6th Cir. 2019) .................................................................................7

*Clemons v. State Farm Mutual Automobile Ins. Co.,*
    No. 1:20-CV-1050, 2020 WL 4193997 (C.D. Ill. July 21, 2020) ......................9, 10

*Cordova v. State Farm Ins. Cos.,*
    124 F.3d 1145 (9th Cir. 1997) ............................................................................4, 7

*Cunningham v. Kondaur Cap.*,
No. 3:14-1574, 2014 WL 8335868 (M.D. Tenn. Nov. 19, 2014)...........................................12

*Dobronski v. Alarm Mgmt. II, L.L.C.*,
No. 18-11055, 2020 WL 6780267 (E.D. Mich. Nov. 18, 2020)................................................2

*Dobronski v. Juliasangel Mktg., LLC*, No. 2:24-CV-12379-TGB-APP, 2025 WL
2659265 (E.D. Mich. Sept. 17, 2025) .................................................................................15, 20

*Dobronski v. Selectquote Ins. Servs.*,
462 F. Supp. 3d 784 (E.D. Mich. 2020)...............................................................................19

*Dobronski v. Selectquote Ins. Servs.*,
No. 2:23-CV-12597, 2025 WL 904370 (E.D. Mich. Jan. 14, 2025) .................................3, 20

*Dobronski v. SunPath Ltd.*,
No. 19-13094, 2020 WL 8840311 (E.D. Mich. July 27, 2020)............................................20

*Dobronski v. Tobias & Assocs.*,
No. 5:23-CV-10331, 2023 WL 7005844 (E.D. Mich. Sept. 25, 2023).....................................3

*Dobronski v. Total Ins. Brokers, LLC*,
No. 21-10035, 2021 WL 4452218 (E.D. Mich. Sept. 29, 2021) (Levy, D.J.) ........................19

*Duit Const. Co. Inc. v. Bennett*,
796 F.3d 938 (8th Cir. 2015) ...................................................................................................8

*Faulk v. Knoxville HMA Holdings, LLC*,
No. 3:21-CV-00755, 2023 WL 6536187 (M.D. Tenn. Aug. 14, 2023)............................14, 15

*In re Joint Petition Filed by Dish Network, LLC*,
28 FCC Rcd. 6574 (2013) .................................................................................................12, 14

*Keating v. Peterson's Nelnet, LLC*,
615 F. App'x 365 (6th Cir. 2015) ..........................................................................................14

*Lyshe v. Levy*,
854 F.3d 855 (6th Cir. 2017) ...................................................................................................8

*Rombough v. Robert D. Smith Insurance Agency, Inc.*,
No. 22-CV-15-CJW-MAR, 2022 WL 2713278 (N.D. Iowa June 9, 2022)......................17, 18

*Saginaw Chippewa Indian Tribe of Michigan v. Blue Cross Blue Shield of Michigan*,
32 F.4th 548 (6th Cir. 2022) ...................................................................................................17

*Scruggs v. CHW Grp., Inc.*,
No. 2:20CV48, 2020 WL 9348208 (E.D. Va. Nov. 12, 2020) .................................................8

*Simon v. E. Kentucky Welfare Rights Org.*,
    96 S. Ct. 1917 (1976) ................................................................................................8

*Smith v. Direct Building Supplies, LLC*,
    No. CV 20-3583, 2021 WL 4623275 (E.D. Pa. Oct. 7, 2021) ..................................8

*Smith v. Michigan Dep't of Corr.*,
    159 F.4th 1067 (6th Cir. 2025) ..............................................................................17

*Solis v. Summit Contractors, Inc.*,
    558 F.3d 815 (8th Cir. 2009) .................................................................................17

*Spokeo, Inc. v. Robins*,
    136 S. Ct. 1540 (2016) ............................................................................................7

*Turaani v. Wray*,
    988 F.3d 313 (6th Cir. 2021) ...................................................................................8

*Worsham v. Travel Options, Inc.*,
    No. JKB-14-2749, 2016 WL 4592373 (D. Md. Sept. 2, 2016), *aff'd*, 678 F. App'x 165 (4th
    Cir. 2017) ...............................................................................................................20

**STATUTES**

47 U.S.C. § 227 ....................................................................................................... *passim*

47 U.S.C. § 227(c)(1) ......................................................................................................16

47 U.S.C. § 227(c)(3) ................................................................................................16, 17

47 U.S.C. § 227(d) ..........................................................................................................20

**RULES**

Fed. R. Civ. P. 8 .............................................................................................................11

Fed. R. Civ. P. 11 .............................................................................................................3

Fed. R. Civ. P. 11(b)(2) ....................................................................................................3

Fed. R. Civ. P. 11(b)(3) ....................................................................................................3

Fed. R. Civ. P. 12(b)(1) ........................................................................................... *passim*

Fed. R. Civ. P. 12(b)(6) ................................................................................................1, 11

**OTHER AUTHORITIES**

47 C.F.R. § 64.1200(c) ...............................................................................................16, 17

47 C.F.R. § 64.1200(c)(2)...........................................................................................18

47 C.F.R. § 64.1601(e)...................................................................................12, 19, 20

*FCC ANNOUNCES PRICING CHANGES FOR REASSIGNED NUMBERS DATABASE TO REDUCE UNWANTED ROBOCALLS* (press release, Apr. 8, 2022)......................................18

## **STATEMENT OF ISSUES PRESENTED**

1.     Whether Plaintiff's action should be dismissed pursuant to Rule 12(b)(1) because the Complaint fails to allege facts stating a plausible claim that Plaintiff's alleged injury is fairly traceable to State Farm.

2.     Whether Plaintiff's action should be dismissed pursuant to Rule 12(b)(6) because the Complaint fails to allege facts stating a plausible claim that State Farm may be held directly liable for the alleged calls and further fails to allege any plausible claim of vicarious liability.

3.     Whether Count II should be dismissed with prejudice pursuant to Rule 12(b)(6) for the additional reason that the Complaint fails to allege that Plaintiff is the subscriber who registered the phone numbers at issue with the Do Not Call Registry.

4.     Whether Count III should be dismissed with prejudice pursuant to Rule 12(b)(6) for the additional reason that there is no private right of action for alleged violations of the regulations concerning caller identification requirements.

## **CONTROLLING OR MOST APPROPRIATE AUTHORITIES**

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)

*Clemons v. State Farm Mutual Automobile Ins. Co*., No. 1:20-CV-1050, 2020 WL 4193997 (C.D. Ill. July 21, 2020)

*Dobronski v. Juliasangel Mktg., LLC*, No. 2:24-CV-12379-TGB-APP, 2025 WL 2659265, at *11 (E.D. Mich. Sept. 17, 2025)

*Rombough v. Robert D. Smith Insurance Agency, Inc.*, No. 22-CV-15-CJW-MAR, 2022 WL 2713278 (N.D. Iowa June 9, 2022)

*Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)

47 U.S.C. § 227(c)

47 C.F.R. § 64.1200(c)

## **INTRODUCTION**

In this asserted nationwide class action, Plaintiff—a serial Telephone Consumer Protection Act ("TCPA") plaintiff in this District—alleges that he received four telephone calls that violated the provisions of that statute: (1) prohibiting pre-recorded calls; (2) restricting calls to persons who have registered their number with the Do-Not-Call ("DNC") Registry; and (3) imposing certain requirements concerning the display of caller identification information.  However, Plaintiff's multi-count Complaint is entirely deficient, and his claims against State Farm are all subject to dismissal—on multiple grounds.

For starters, Plaintiff's action should be dismissed because his alleged injuries are not fairly traceable to State Farm.  The three prerecorded calls alleged in the Complaint did not even mention State Farm, and the Complaint has no non-conclusory allegations indicating that State Farm is in any way responsible for those calls.  Moreover, the one alleged call that was not pre-recorded came from the office of a State Farm independent contractor agent, not from State Farm itself. Accordingly, this action should be dismissed pursuant to Rule 12(b)(1).

Plaintiff's action should also be dismissed pursuant to Rule 12(b)(6). Plaintiff's allegation that State Farm placed the calls at issue is entirely conclusory and not supported by the few non-conclusory facts actually alleged by Plaintiff. Accordingly, the Complaint fails to support any theory of direct liability against

State Farm for the alleged calls.  Moreover, although, in some limited circumstances a party that did not place the alleged calls may be held vicariously liable under the TCPA, the Complaint does not plausibly plead any such theory of vicarious liability.

Also, Plaintiff's DNC claim (Count II) should be dismissed because the TCPA imposes liability only for calls to the persons who actually registered the number with the DNC Registry, not to persons who were subsequently assigned that number. Plaintiff does not allege that he is the subscriber who registered the two telephone numbers that received the alleged calls.

Finally, Plaintiff's claim relating to caller ID information fails because, as a number of judges in this District have previously concluded, no private right of action is available for an alleged violation of that regulation.

Accordingly, Plaintiff's action should be dismissed.

## **BACKGROUND**

### I.   **Plaintiff's Serial TCPA Lawsuits**

Plaintiff appears to be in the business of filing TCPA lawsuits.  He maintains more than a dozen phone numbers, has filed approximately 66 such suits in this District alone, and this Court repeatedly has criticized his conduct in those actions. *See, e.g., Dobronski v. Alarm Mgmt. II, L.L.C.*, No. 18-11055, 2020 WL 6780267, at *4 (E.D. Mich. Nov. 18, 2020) ("[F]or two and a half years, Plaintiff has advanced allegations that are undeniably lacking in evidentiary support, in

violation of Rule 11(b)(3). By alleging Defendant made telephonic communications that did not exist, Plaintiff's claims under the TCPA and the MHSA were also not 'warranted by existing law' under Rule 11(b)(2), and Plaintiff should have known it . . . . The court finds that sanctions are needed to deter similar violations of Rule 11 by Plaintiff and other litigants."); *Dobronski v. Selectquote Ins. Servs.*, No. 2:23-CV-12597, 2025 WL 904370, at *4 (E.D. Mich. Jan. 14, 2025) (referring to Plaintiff's "repeated attempts at gamesmanship"), *opinion vacated in part on reconsideration,* 784 F. Supp. 3d 976, *superseded,* 773 F. Supp. 3d 373, and *opinion vacated in part on reconsideration,* 773 F. Supp. 3d 373; *Dobronski v. Tobias & Assocs.*, No. 5:23-CV-10331, 2023 WL 7005844, at *3 (E.D. Mich. Sept. 25, 2023) ("Plaintiff seems to be engaging in a bit of gamesmanship with the Tobias Defendants and/or this Court . . . ."), *report and recommendation adopted in part*, 2024 WL 1174553 (Mar. 18, 2024).

## II.   Plaintiff's Allegations in this Action

Plaintiff alleges that he received four telephone calls (hereafter "the Calls") that violated the TCPA in various respects.[1]

According to the Complaint, on February 19, 2025, at 3:34 p.m., Plaintiff received a call on a home telephone (number (734) 424-XXXX) that used a

---

[1] Plaintiff fails to disclose whether he was a State Farm policyholder at the time of the Calls.

prerecorded voice.    Compl. ¶ 38; ECF No. 1, PageID.9.    The alleged recording

identified the caller as "Zach Miller," said that auto insurance rates had recently

dropped, confirmed that Plaintiff had auto insurance, and then said Plaintiff would

be transferred to the caller's supervisor.    *Id.* ¶¶ 40-41.    There is no allegation that

State Farm was ever mentioned during this prerecorded call.

Despite Plaintiff's in depth knowledge of the TCPA, the Complaint contains

few details about what allegedly happened next, saying only that "Plaintiff was

eventually transferred to 'Diamond Golston from State Farm.'"    *Id.* ¶ 42.    Plaintiff

fails to disclose, for example, whether anyone spoke with Plaintiff before the alleged

transfer to Ms. Golston or whether Plaintiff agreed to be transferred to an insurance

agent in order to receive an insurance quote.    The Complaint acknowledges,

however, that Diamond Goldston worked at the offices of Tammy Golston located

in Lavonia, Michigan.    *Id.* ¶¶ 42-43.    There is no genuine dispute that Tammy

Golston is an independent contractor agent for State Farm.[2]    The Complaint provides

no other details concerning the conversation between Plaintiff and Ms. Golston.

According to the Complaint, just minutes after the call between Plaintiff and

Ms. Golston ended, he received on the same home phone number a call from

---

[2] "[State Farm] Agents are self-employed independent contractors who own, and develop equity in, their own businesses."    *Cordova v. State Farm Ins. Cos.*, 124 F.3d 1145, 1147 n.1 (9th Cir. 1997).

"Savannah" from the office of Lisa Beyers, located in Northville, Michigan.  *Id.* ¶¶ 44-46.  Lisa Beyers is an independent contractor agent for State Farm.  Plaintiff alleges that he asked Savannah how she obtained his information, and she responded that she was not sure, stating: "we just had your phone number, your name, and your email, no other info besides that. Um, and it just comes up as a link, in our little chat website." *Id.* ¶ 47.  The Complaint further alleges that Plaintiff told Savannah about the earlier prerecorded call, informed her that his number was registered with the DNC Registry, and asked why he received a prerecorded call.  *Id.* ¶ 48.[3]

According to the Complaint, Plaintiff subsequently received two more phone calls that used the same "Zach Miller" prerecorded message as the initial call: a call on February 20, 2025,  to one of his cellular telephones, with number (734) 330-XXXX; and a call on March 18, 2025, to Plaintiff's "residential telephone number (734) 424-XXXX" (presumably, the same number as the alleged home phone number that received the first two calls) (the two phone numbers alleged in the Complaint are hereafter referred to collectively as "the Numbers").  *Id.* ¶¶ 51-54.

Plaintiff provides few details as to what allegedly transpired in these calls. For the first of these calls, Plaintiff alleges that he answered "Yes" when asked if he had auto insurance, and the prerecorded voice then indicated the call would be

---

[3] It appears that Plaintiff used the name "Michael Bombrouski" in connection with his interactions with the Beyers and Golston offices.

transferred.  *Id.* ¶ 52.  However, Plaintiff does not disclose whether the call was transferred and, if so, to whom.  For the second call, Plaintiff does not provide any information concerning his response to the prerecorded voice or regarding whether there was a transfer.  Importantly, Plaintiff does not and cannot allege that he received any call from State Farm or a State Farm independent contractor agent in response to these two pre-recorded calls – a fact that undercuts Plaintiff's conclusory allegations that the first pre-recorded call was made on behalf of State Farm.[4]

Plaintiff does not allege that, prior to the Calls, he registered either of the Numbers with the DNC Registry.  However, he alleges that the home number at issue has been on that Registry since June 29, 2003, and that the cellular telephone number at issue has been on the Registry since December 9, 2004, without identifying who registered those numbers.  *Id.* ¶¶ 28-29.

The Complaint alleges that the three prerecorded calls used "spoofed" caller identification information.  *Id.* ¶¶ 38, 49, 53.  Plaintiff does not allege that there was anything inappropriate in the caller ID information for his call from Ms. Beyers' office.  *Id.* ¶¶ 56-57.

---

[4] Given that a transfer to an agent for some *other* insurance company would substantially undercut Plaintiff's assertion that State Farm was responsible for the prerecorded calls, Plaintiff should be required to provide this information, and the other information noted above that should have been disclosed (but was not) in the Complaint.

Based upon the foregoing, the Complaint alleges three claims for relief: violation of the TCPA prohibition on prerecorded calls (Count I); violation of the TCPA restrictions on calling numbers on the DNC Registry (Count II); and violation of the TCPA regulations concerning caller ID information (Count III). *Id.* ¶¶ 82-98. Plaintiff also seeks certification of three asserted nationwide classes covering the four-year period preceding the filing of the Complaint and roughly tracking each of the three claims for relief. *Id.* ¶ 66.

## **ARGUMENT**

I.   **This Action Should Be Dismissed Pursuant to Rule 12(b)(1) Because Plaintiff Cannot Establish that His Alleged Injury Is Fairly Traceable to State Farm.**

"The judicial power is particularly limited to cases and controversies before the Supreme Court and such inferior courts as Congress may create. U.S. Const. art. III, §§ 1–2." *Chapman v. Tristar Prods., Inc.*, 940 F.3d 299, 303 (6th Cir. 2019). "This jurisdictional limitation requires, among other things, that a party wishing to litigate a dispute before a federal court demonstrate standing." *Id.*  In order to establish standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).  Addressing the second of these requirements, the Supreme Court has explained that standing is not present where plaintiff's injury "results from the

independent action of some third party not before the court." *Simon v. E. Kentucky Welfare Rights Org.*, 96 S. Ct. 1917, 1926 (1976); *see also Turaani v. Wray*, 988 F.3d 313, 316 (6th Cir. 2021) ("[U]nless the defendant's actions had a 'determinative or coercive effect' upon the third party, the claimant's quarrel is with the third party, not the defendant.").

"Whether a party has standing is an issue of the court's subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Lyshe v. Levy*, 854 F.3d 855, 857 (6th Cir. 2017); *see also Duit Const. Co. Inc. v. Bennett*, 796 F.3d 938, 941 (8th Cir. 2015) (addressing issue of standing where the record indicated plaintiff "has sued the wrong parties"). As the party invoking federal jurisdiction, Plaintiffs bear the burden of establishing the 'irreducible constitutional minimum' of standing . . . ." *Changizi v. Dep't of Health & Hum. Servs.,* 82 F.4th 492, 496 (6th Cir. 2023).

Courts routinely dismiss TCPA complaints that fail to adequately allege that the calls at issue are fairly traceable to the defendant. *See, e.g., Smith v. Direct Building Supplies, LLC*, No. CV 20-3583, 2021 WL 4623275, at *4 (E.D. Pa. Oct. 7, 2021) ("Smith has therefore failed to plausibly allege that the five calls in question came from Direct Building Supplies, as TCPA § 227(b) claims require."); *Scruggs v. CHW Grp., Inc.*, No. 2:20CV48, 2020 WL 9348208, at *6 (E.D. Va. Nov. 12, 2020) ("Here, Scruggs' allegations remain conclusory and lack the necessary factual context to support an inference linking the calls to CHW."); *Barker v. Sunrun Inc.*,

8

No. CV 18-855 KG/LF, 2019 WL 1983291, at *3 (D.N.M. Apr. 29, 2019) ("Plaintiff makes no factual allegation in the Complaint that connects or fairly traces the phone calls at issue to Sunrun.").

In *Clemons v. State Farm Mutual Automobile Ins. Co*., No. 1:20-CV-1050, 2020 WL 4193997 (C.D. Ill. July 21, 2020), the two plaintiffs each alleged that they received calls from a State Farm independent contractor agent's office in violation of the DNC provisions of the TCPA.  However, rather than filing against that small business, Plaintiffs sued State Farm.  In considering State Farm's motion to dismiss for lack of standing, the Court noted that the mere existence of an agency relationship between State Farm and the agencies was insufficient.  *Id.* at *5.  The court granted State Farm's motion, concluding that the complaint failed to assert sufficient non-conclusory allegations that State Farm was somehow responsible for the alleged calls. *Id.* at *3-6.

This suit presents an even more compelling argument for Rule 12(b)(1) dismissal. Plaintiff cannot establish standing—because the allegations of the Complaint do not support the conclusion that the Calls are fairly traceable to State Farm.  The Complaint alleges what was said during the prerecorded calls Plaintiff received—and State Farm apparently was not even *mentioned* in those prerecorded messages.  Thus, those calls apparently were made by some unknown third-party telemarketer who was attempting to generate leads for insurance sold by *any*

9

interested auto insurer.  *See Cacho v. McCarthy & Kelly LLP*, 739 F. Supp. 3d 195, 216 (S.D.N.Y. 2024) ("It is in the nature of a third-party telemarketer that it will transfer the leads it receives to a party who can use them. That does not mean that the telemarketer is acting on the authority of another, rather than on its own authority in the hope of making a sale.").  Plaintiff does not and cannot allege that Plaintiff's lead information was generated for State Farm.  Moreover, the fact that Plaintiff allegedly was "eventually transferred" to one office of a State Farm independent contractor agent and then, shortly after that call ended, called by the office of another State Farm independent contractor agent does not support a finding that those calls were fairly traceable to State Farm.  *See Clemons*, 2020 WL 4193997 at *5.  Those offices, as explained above, are owned and operated by independent contractor agents.  *Supra.*  Importantly, Plaintiff chose not to disclose what occurred between the time of the pre-recorded call and his conversation with the Golston office.  Additionally, none of Plaintiff's allegations suggest that State Farm directed those offices to engage in telemarketing in a manner inconsistent with the requirements of the TCPA.[5]

---

[5] State Farm marketing guidelines for independent contractor agents indicate that prerecorded calls are not authorized, and that calls are screened for DNC compliance.  Any conduct outside the scope of those guidelines would not have been authorized by State Farm.  *See Bridgeview Health Care Ctr., Ltd. v. Clark*, 816 F.3d 935, 939 (7th Cir. 2016) ("Because B2B expressly contradicted Clark's actual instructions, this is clearly not express actual agency."); *Baccari v. Carguard*

Accordingly, Plaintiff has failed to connect his alleged injury to State Farm, and his action should be dismissed pursuant to Rule 12(b)(1).

## II.    Plaintiff's Action Should Be Dismissed Pursuant to Rule 12(b)(6).

A complaint must (1) describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggest that the plaintiff has a right to relief above a speculative level. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint fails to show "that the pleader is entitled to relief," as required by Federal Rule 8, and it should be dismissed.  *Iqbal*, 556 U.S. at 679 (internal quotations omitted).

Dismissal of Plaintiff's action is warranted because he has failed to plead any viable claim for relief against State Farm under a theory of either direct or vicarious liability.  Moreover, Count II should be dismissed because the Complaint fails to allege that Plaintiff is the subscriber who registered the Numbers with the DNC Registry, and Count III should be dismissed because there is no private right of action available for alleged violations of 47 C.F.R. § 64.1601(e).

---

*Admin., Inc.*, 22-CV-1952, 2022 WL 3213839, at *3 (E.D. Pa. Aug. 8, 2022) (holding that because defendant's agreement with marketing company prohibited telemarking, plaintiff lacked standing to sue defendant for unlawful call placed by marketer).

A. **Plaintiff Has Not Alleged Any Facts Supporting His Conclusory Assertions that State Farm Placed the Calls.**

The Complaint asserts that the Calls were made by State Farm.  Compl. ¶ 32; ECF No. 1, PageID.8.  Because that allegation is entirely conclusory, it cannot support a claim of direct liability.  Moreover, the facts Plaintiff does allege in the Complaint do not state a plausible claim that State Farm placed the Calls.

 "[D]irect liability under the TCPA applies only to entities that initiate the phone calls." *Cunningham v. Kondaur Cap.*, No. 3:14-1574, 2014 WL 8335868, at *5 (M.D. Tenn. Nov. 19, 2014), *report and recommendation adopted*, 2015 WL 1412737 (Mar. 26, 2015).  Furthermore, "a person or entity 'initiates' a telephone call when it takes the steps necessary to physically place a telephone call, and generally does not include persons or entities, such as third-party retailers, that might merely have some role, however minor, in the causal chain that results in the making of a telephone call." *In Dish Network, LLC*, 28 F.C.C. Rcd. 6574, 6583 (2013); *see also Toney v. Quality Res., Inc.*, 75 F. Supp. 3d 727, 742 (N.D. Ill. 2014) ("The parties do not dispute that Quality, not Sempris or Provell, physically placed the allegedly unlawful calls at issue. Plaintiff has therefore failed to state a claim against Sempris and Provell under a direct liability theory.").

Plaintiff's allegation that State Farm placed the Calls is entirely conclusory: no facts are alleged to support that claim.  As a consequence, such allegations should not be considered for purposes of this motion.  *See Iqbal*, 556 U.S. at 681 (holding

12

that factual allegations of complaint were "conclusory and not entitled to be assumed true").

Moreover, to the extent the Complaint alleges facts, rather than naked conclusions, those facts support the inference that State Farm did *not* make the Calls. First, the Complaint describes the Calls and does not allege that the voice in the pre-recorded Calls identified State Farm as the caller.  In fact, Plaintiff does not allege that State Farm was even *mentioned* in the pre-recorded Calls.  Thus, the caller was likely some unknown third-party telemarketer who inevitably was making calls on its own behalf in order to generate leads and then sell those leads to agents for *multiple* insurance companies. *See Cacho*, 739 F. Supp. 3d at 216.  Second, for the second alleged call on February 19, the Complaint alleges that the call came from a phone number associated with the office of a State Farm independent contractor agent, and that the caller identified herself as being employed by that office.  Compl. ¶¶ 44-46; ECF No. 1, PageID.10.  Thus, that call was placed by that office, not by State Farm.  Finally, despite having allegedly spoken to the employees of State Farm independent contractor agents on two occasions it appears that in neither of those calls did the employees indicate that State Farm placed one or more of the Calls.

Accordingly, Plaintiff has failed to state a plausible claim that State Farm placed the Calls, and there is no basis for any claim that State Farm may be held directly liable for any alleged TCPA violation.

### B.    Plaintiff Has Not Plausibly Pleaded Any Theory of Vicarious Liability.

Under federal common-law principles of agency, persons or entities that did not initiate the offending calls may, in certain circumstances, be vicariously liable for TCPA violations.  *See Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 168 (2016) (citing *in re Dish Network, LLC*, 28 FCC Rcd. 6574).  "The mere existence of an agency relationship alone is not sufficient to establish liability." *Brown v. DirecTV, LLC,* 562 F. Supp. 3d 590, 607 (C.D. Cal. 2021).  Vicarious liability may be established "under common-law theories of actual authority, apparent authority, or ratification."  *Keating v. Peterson's Nelnet, LLC*, 615 F. App'x 365, 371 (6th Cir. 2015); *see also Faulk v. Knoxville HMA Holdings, LLC*, No. 3:21-CV-00755, 2023 WL 6536187, at *11 (M.D. Tenn. Aug. 14, 2023) ("A [defendant]'s liability for the activities of a third-party robo-caller must . . . be tied into some identifiable agency principle—there is no strict liability merely because the unlawful calls were made 'on behalf of' the [defendant]." (citation omitted)), *report and recommendation adopted*, 2023 WL 6276436 (Sept. 26, 2023).

No vicarious liability is available here because the Complaint does not even attempt to assert any such theory.  The Complaint does not allege ***any*** facts that could support a finding of actual or apparent authority.  Plaintiff fails to allege facts indicating that State Farm vested anyone with actual or apparent authority to place calls using a pre-recorded voice (or to hire someone else to do so on their behalf)

14

or to place telemarketing calls to numbers on the DNC Registry in the absence of consent or to spoof caller ID information.  Nor does the Complaint allege that State Farm in some way ratified any alleged conduct that was contrary to the TCPA. Accordingly, Plaintiff has failed to allege any plausible theory of vicarious liability, and his claim should be dismissed.  *See Dobronski v. Juliasangel Mktg., LLC*, No. 2:24-CV-12379-TGB-APP, 2025 WL 2659265, at *11 (E.D. Mich. Sept. 17, 2025) (holding Dobronski failed to state a plausible claim for vicarious liability under the TCPA).

### C.   Count II Should Be Dismissed Because Plaintiff Fails to Allege that He Is the Person Who Registered the Numbers with the DNC Registry Prior to the Calls.

The DNC regulations enacted pursuant to the TCPA prohibit calls to the person who registered the number with the DNC Registry—they do not provide a right of action to someone who subsequently was assigned the registered number. Because Plaintiff fails to allege that he registered the Numbers, he fails to state a valid claim for relief under the DNC provision of the TCPA.  This provides additional grounds for dismissal of Count II.

The TCPA provisions pertaining to Do-Not-Call can be found principally in subparagraph (c) of 47 U.S.C. § 227.  Enacted in 1991, that subparagraph directed the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights."  47 U.S.C. § 227(c)(1).  The

statute further provides that the regulations adopted by the FCC "may require the establishment and operation of a single national database to compile a list of telephone numbers of residential subscribers who object to receiving telephone solicitations." *Id.* § 227(c)(3). Subparagraph (c) provides for a private right of action available to a person who has received more than one telephone call within any 12-month period "in violation of the regulations prescribed under this subsection." *Id.* § 227(c)(5). The damages potentially available in such an action are the greater of actual damages or $500 for each violation. *Id.*

In accordance with the TCPA, the FCC created the DNC Registry and enacted related regulations. The regulation at issue here states:

(c) No person or entity shall initiate any telephone solicitation to:

. . .

(2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government . . . .

47 C.F.R. § 64.1200(c).

In assessing the meaning of a regulation, a court's "inquiry begins with the regulation's plain language." *Solis v. Summit Contractors, Inc.*, 558 F.3d 815, 823 (8th Cir. 2009). "If a regulation's meaning is plain, the court must give the 'it effect, as the court would any law,' . . . and the court's inquiry into the regulatory meaning

16

is over." *Saginaw Chippewa Indian Tribe of Michigan v. Blue Cross Blue Shield of Michigan*, 32 F.4th 548, 557–58 (6th Cir. 2022) (citations omitted).

Here, there is no ambiguity in Section 64.1200(c): by its plain language, the regulation prohibits only calls to the "subscriber who has registered" his or her number with the Registry.  That plain reading of the regulation also harmonizes it with the statutory language in which Congress authorized the creation of a registry of "residential subscribers *who object to receiving telephone solicitations*."  47 U.S.C. § 227(c)(3) (emphasis added).  Any construction of the regulation that would impose liability for calls to persons *who never objected* to receiving telephone solicitations by registering their number would be beyond the scope of what Congress authorized.  *See Smith v. Michigan Dep't of Corr.*, 159 F.4th 1067, 1082 (6th Cir. 2025) ("[A]gency regulations cannot expand the scope of liability beyond what Congress has authorized in the statute.").

In *Rombough v. Robert D. Smith Insurance Agency, Inc.*, No. 22-CV-15-CJW-MAR, 2022 WL 2713278, at *2 (N.D. Iowa June 9, 2022), the court concluded that "[t]he plain language of Section 64.1200(c) indicates that Section 227(c)(5)'s private action exists only for a residential telephone subscriber *who has registered his or her telephone number* on the national do-not-call registry."  (emphasis in original).  Because the plaintiff in that action failed to allege that she was the person

17

who registered the number at issue, the court granted the defendant's motion to dismiss.[6]

"Millions of phone numbers are reassigned each year." FCC, *FCC ANNOUNCES PRICING CHANGES FOR REASSIGNED NUMBERS DATABASE TO REDUCE UNWANTED ROBOCALLS* (press release, Apr. 8, 2022) (available at DOC-382210A1.pdf). Thus, it is entirely plausible that the Numbers—which allegedly were registered over twenty years ago (Compl. ¶¶ 28-29; ECF No. 1, PageID.7)—were registered by a prior user, rather than by Plaintiff. The Complaint does not dispel that possibility—it fails to allege that Plaintiff is the "subscriber who [] registered" the Numbers with the DNC Registry prior to the Calls. Rather, the Complaint merely alleges that the Numbers "ha[ve] been on the National DNC" since alleged dates in 2003 and 2004. *Id.* That is insufficient.[7]

Accordingly, Count II should be dismissed.

---

[6] Some subsequent district court rulings have disagreed with the *Rombough* decision's adherence to the plain language of the regulation. *See, e.g., Callier v. Am.-Amicable Life Ins. Co. of Texas*, No. EP-22-CV-00018-FM, 2022 WL 17732717, at *6 (W.D. Tex. Oct. 18, 2022) (asserting that *Rombough* was based upon "nitpicky formality"). However, none of those rulings have offered an alternative reading of, or persuasive grounds to disregard, the plain language of 47 C.F.R. § 64.1200(c)(2), quoted above.

[7] Of note, Plaintiff's DNC theory also depends on his receipt of at least two calls that may be attributed to State Farm. Compl. ¶¶ 66, 88; ECF No. 1; PageID 15, 19-20. As noted above, State Farm submits that none of the Calls could be attributed to State Farm. Likewise, Plaintiff fails to disclose whether he was a State Farm policyholder at the time of the Calls. As a result, Plaintiff fails to allege how he could bring a DNC claim if he were a State Farm policyholder.

**D.    Count III Should Be Dismissed Because There Is No Private Right of Action for an Alleged Violation of 47 C.F.R. § 64.1601(e).**

Count III seeks to recover for a claimed violation of 47 C.F.R. § 64.1601(e) based upon allegations that the Calls, except for the call from the Beyer office, did not display proper caller ID information.  Compl. ¶¶ 92-98; ECF No. 1, PageID.20-22.  That claim should be dismissed for the additional reason that, as well-reasoned decisions in this District and elsewhere have concluded, the TCPA does not afford a private right of action for an alleged violation of 47 C.F.R. § 64.1601(e).  *See Dobronski v. Total Ins. Brokers, LLC*, No. 21-10035, 2021 WL 4452218, at *3 (E.D. Mich. Sept. 29, 2021) (Levy, D.J.) ("The Court agrees with Judge Ivy's analysis that the persuasive authority holds that there is no private right of action for violations of § 64.1601(e), and therefore adopts the recommendation to dismiss Count II of Plaintiff's amended complaint failure to state a claim."); *Dobronski v. Selectquote Ins. Servs.*, 462 F. Supp. 3d 784, 790 (E.D. Mich. 2020) (Patti, U.S.M.J.) ("Absent any authoritative basis for a private cause of action for 'spoofing' under this federal communications regulation, the Court is disinclined to create one here."); *Dobronski v. SunPath Ltd.*, No. 19-13094, 2020 WL 8840311, at *7 (E.D. Mich. July 27, 2020) (Battani, D.J.) (holding that no private right of action is available, for reasons indicated in *Dobronski v. Selectquote*); *Worsham v. Travel Options, Inc.*, No. JKB-14-2749, 2016 WL 4592373, at *7 (D. Md. Sept. 2, 2016) ("[A]n asserted violation of 47 C.F.R. § 64.1601(e)(1) is not

19

properly brought under either the TCPA's subsection b or subsection c. Any violation of § 64.1601(e)(1) is a violation of technical and procedural standards under subsection d, and as earlier noted, no private right of action exists under the latter subsection of the TCPA."), *aff'd,* 678 F. App'x 165 (4th Cir. 2017). Moreover, although some district courts have concluded otherwise, "[t]he majority of courts have held that § 64.1601(e) was promulgated under 47 U.S.C. § 227(d), which does not include a private right of action." *Dobronski v. Juliasangel Mktg., LLC*, No. 2:24-CV-12379-TGB-APP, 2025 WL 2659265, at *11 (E.D. Mich. Sept. 17, 2025).

State Farm submits that the cases concluding there is no private right of action available are more persuasive—and more in keeping with the principle that courts should be reluctant to find a statutory private right of action in the absence of clear Congressional intent to create one. *See, e.g., Alexander v. Sandoval*, 121 S. Ct. 1511, 1520 (2001) ("Without [evidence of Congress's intent to create a private right of action], a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute."). Accordingly, Count III should be dismissed with prejudice.

20

## **<u>CONCLUSION</u>**

Based upon the foregoing, State Farm respectfully requests that Plaintiff's claims be dismissed with prejudice, and that the Court grants such further relief as is appropriate and just.

Dated: January 21, 2026

Respectfully submitted,

/s/ *Ariel Wilson*
Ariel Wilson (P84528)
RILEY SAFER HOLMES & CANCILA LLP
2723 South State Street, Suite 150
Ann Arbor, Michigan 48104
Office: 734.773.4900
Fax: 734.773.4901
awilson@rshc-law.com

Joseph A. Cancila, Jr.
RILEY SAFER HOLMES & CANCILA LLP
1 South Dearborn Street, Suite 2200
Chicago, Illinois 60603
Office: 312.471.8700
Fax: 312.471.8701
jcancila@rshc-law.com

*Attorneys for Defendant State Farm Mutual*
*Automobile Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 21, 2026, I caused the foregoing document to be electronically filed via the Court's CM/ECF system, which will serve notice on all counsel of record.

/s/ *Ariel Wilson*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

MARK DOBRONSKI, individually and
on behalf of class of all persons and
entities similarly situated,

    Plaintiff,

 v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY

    Defendant.

No. 5-25-cv-13806

Hon. Robert J. White, U.S.D.J.
Hon. Elizabeth A. Stafford, U.S.M.J.

## <u>CIVIL ACTION</u>

**JURY TRIAL DEMANDED**

---

## BRIEF FORMAT CERTIFICATION FORM

---

  I, Ariel Wilson, certify that the foregoing brief complies with Eastern District of Michigan Local Rules 5.1(a), 5.1.1, and 7.1, and Judge White's Case Management Requirements, including the following (click each box to indicate compliance):

 ☒ the brief contains a statement regarding concurrence, *see* LR 7.1(a);

 ☒ the brief, including footnotes, uses 14-point font, *see* LR 5.1(a)(3);

 ☒ the brief contains minimal footnotes and, in all events, no more than 10, *see* Case Management Requirements § III.A;

 ☒ the brief and all exhibits are filed in searchable PDF format, *see* Case Management Requirements § III.A;

 ☒ except for footnotes and necessary block quotes, the brief is double spaced (<u>not</u> "Exactly 28 pt" spaced) with one-inch margins, *see* LR 5.1(a)(2);

 ☒ deposition transcripts have been produced in their entirety (<u>not</u> in minuscript), *see* Case Management Requirements § III.A;

☒ if the brief and exhibits total 50 pages or more, I will mail to chambers a courtesy copy with ECF headers, *see* Case Management Requirements § III.B.

I also acknowledge that my brief will be stricken from the docket if the Court later finds that these requirements are not met.

/s/ *Ariel Wilson*