## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## AT DETROIT

MARK DOBRONSKI, individually and
on behalf of a class of all persons and
entities similarly situated,

|                     |                     |
| Plaintiff           |                     |

v.

MARCHEX, INC.,

Defendant.

Case No. 2:25-cv-13806-RJW-EAS

Honorable District Judge
Robert J. White

Honorable Magistrate Judge
Elizabeth A. Stafford

PLAINTIFF'S FIRST AMENDED
CLASS ACTION COMPLAINT

## FIRST AMENDED CLASS ACTION COMPLAINT

### Preliminary Statement

1.      As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

1

2.      However, the TCPA doesn't only restrict robocalls.

3.      Telemarketing calls are intrusive. "A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers,' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms,' *id.* § 2(9)." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649 (4th Cir. 2019).

4.      "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of

this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…[P]rivate suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer,* 925 F.3d at 649-50.

5.    Plaintiff Mark Dobronski ("Plaintiff") brings this action under the TCPA alleging that Marchex, Inc. called the Plaintiff, whose number is on the National Do Not Call Registry, including some calls which utilized highly-illegal prerecorded messages as part of its relationship with State Farm. Those calls were made without the call recipient's prior express written consent.

6.    Because the calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing calls.

7.      A class action is the best means of obtaining redress for the

Defendant's illegal telemarketing and is consistent both with the private right of

action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the

Federal Rules of Civil Procedure.

## Parties

8.      Plaintiff Mark Dobronski is a person.

9.      Defendant Marchex, Inc. is a Washington corporation.

## Jurisdiction & Venue

10.     The Court has subject-matter jurisdiction under 28 U.S.C. § 1331

because the Plaintiff's claims arise under federal law.

11.     Venue is proper under 28 U.S.C. § 1391(b)(2) because the calls that

were initiated to the Plaintiff and the putative class that are the subject of the

litigation were sent into this District and to encourage the purchase of services to

be provided in this District. As such, a substantial part of the events giving rise to

the claims occurred in this District.

## The Telephone Consumer Protection Act

12.     In 1991, Congress enacted the TCPA to regulate the explosive growth

of the telemarketing industry.  In so doing, Congress recognized that

"[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]"

Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991)

(codified at 47 U.S.C. § 227).

### The National Do Not Call Registry

13.     The National Do Not Call Registry allows consumers to register their

telephone numbers and thereby indicate their desire not to receive telephone

solicitations at those numbers.  *See* 47 C.F.R. § 64.1200(c)(2).

14.     A listing on the Registry "must be honored indefinitely, or until the

registration is cancelled by the consumer or the telephone number is removed by

the database administrator."  *Id.*

15.     The TCPA and implementing regulations prohibit the initiation of

telephone solicitations to residential telephone subscribers to the Registry and

provides a private right of action against any entity that makes those calls, or "on

whose behalf" such calls are promoted.  47 U.S.C. § 227(c)(5); 47 C.F.R.

§ 64.1200(c)(2).

### The TCPA Prohibits Prerecorded Calls to Residential Lines

16.     In 1991, Congress enacted the TCPA to regulate the explosive growth

of the telemarketing industry.  In so doing, Congress recognized that

"[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[.]"

Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

17.   The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes." 47 U.S.C. § 227(b)(1)(B).

18.   The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(B). *See* 47 U.S.C. § 227(b)(3).

19.   According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

**The TCPA Also Requires Telemarketers to Transmit Caller Identification Information Including the Telemarketer's Name.**

20.   The TCPA requires any "person or entity that engages in telemarketing" to "transmit caller identification information." 47 C.F.R. § 64.1601(e).

21.   The relevant regulation defines "caller identification information" as "either CPN or ANI, and, when available by the telemarketer's carrier, the name of the telemarketer." 47 C.F.R. § 64.1601(e)(1).

22.     The regulations also require any caller identification information to "include either CPN or ANI" and "permit any individual to make a do-not-call request during regular business hours." *Id.*

23.     A violation of this subsection of the TCPA is enforceable under the private right of action provided for under 47 U.S.C. § 227(c)(5)'s private right of action. *Dobronski v. Selectquote Ins. Servs.*, No. 2:23-CV-12597, 2025 WL 900439, at *3 (E.D. Mich. Mar. 25, 2025).

24.     This Court recently confirmed that there is a private right of action for violations of this provision. *Id.*; *Dobronski v. CHW Grp., Inc.*, No. 24-CV-11649, 2025 WL 2426370, at *7-*8 (E.D. Mich. Aug. 21, 2025).

## Factual Allegations

25.      Plaintiff is, and at all times mentioned herein was a "person" as the term is defined by 47 U.S.C. § 153(39).

26.     Plaintiff's cellular telephone number is (734) 330-XXXX.

27.     Plaintiff's home telephone number is (734) 424-XXXX.

28.     Plaintiff's cellular telephone number has been on the National DNC since December 9, 2004.

29.     Plaintiff's home telephone number has been on the National DNC since June 29, 2003.

30.     Plaintiff uses his cellular telephone number for personal, residential, and household purposes. Plaintiff's cellular telephone number is not associated with a business, nor does Plaintiff use the number for business purposes.

31.     Plaintiff uses his home telephone number for personal, residential, and household purposes. Plaintiff's home telephone number is not associated with a business, nor does Plaintiff use the number for business purposes.

32.     Plaintiff received multiple prerecorded calls and a live call from Defendant in February 2025 and March 2025.

33.     Plaintiff did not seek out or solicit information regarding Defendant's products or services prior to receiving the prerecorded call.

34.     The pre-recorded call resulted in a transfer to a live State Farm agent.

35.     State Farm was Marchex's client for the calling campaign.

36.     The Plaintiff never provided his residential number (734) 424-XXXX to State Farm in any manner whatsoever.

37.     The calls Plaintiff received were cold call marketing and solicitation calls.

38.     The prerecorded calls and the live call were initiated for purposes of marketing insurance products.

39.     On February 19, 2025, at 3:34 p.m., Plaintiff received an automated call utilizing prerecorded artificial intelligence technology from Defendant to his

8

home telephone number (734) 424-XXXX. The call was "spoofed" to appear as though it originated from phone number (734) 206-2107, and the caller ID said "Kathy Merriman."

40. "Spoofing" is a technique is used to conceal the true identity of the caller and unlawful nature of the call. Spoofed calls frequently display the same area code as the call recipient to deceive individuals into believing the call is legitimate or from someone they recognize, thereby increasing the likelihood that the call will be answered.

41. Because the call appeared to come from Plaintiff's local area code, he answered it. He was greeted by a "*Hello*" followed by "*Hi, this is Zach Miller, how are you doing today?*" which was delivered in a robotic or automated voice with an unnatural and monotone cadence, rather than by a live person.

42. In response, Plaintiff stated, "Yeah, I'm doing alright, you?" And the robot replied, "*Well, I'm not going to hold you for a long time. Actually, the rates on auto insurance have recently dropped down by a huge margin and right now we are providing you some information about it. So, I believe you do have insurance on your car, right?*" After Plaintiff replied "Yes" the robot stated, "*Alright, that's all the information I was looking to verify. Now, let me transfer you over to my supervisor and he will assist you further. Stay with me.*"

43.    Plaintiff was eventually transferred to "Diamond Golston from State Farm." She told Plaintiff that she worked for State Farm at 20361 Middlebelt Road Suite 1, in Livonia, Michigan 48152.

44.    On February 20, 2025, Plaintiff received another automated call utilizing prerecorded artificial intelligence technology from Defendant to his cellular telephone number (734) 330-XXXX.  The call was "spoofed" to appear as though it originated from phone number (734) 639-1591.

45.    The automated telephone call again appeared to come from Plaintiff's local area code due to the technique called "spoofing" described above. Because the call appeared to come from Plaintiff's local area code, he answered it.

46.    The February 20, 2025 call to Plaintiff's cellular telephone number was a prerecorded call following the exact same script as the February 19, 2025 call to Plaintiff's home telephone number. Again, Plaintiff was greeted by a "*Hello*" followed by "*Hi, this is Zach Miller, how are you doing today?*" which was delivered in a robotic or automated voice with an unnatural and monotone cadence, rather than by a live person.

47.    In response, Plaintiff stated, "I'm fine, who are you?" And the robot replied, "*Well, I'm not going to hold you for a long time. Actually, the rates on auto insurance have recently dropped down by a huge margin and right now we are providing you some information about it. So, I believe you do have insurance on*

*your car, right?"* After Plaintiff replied "Yes" the robot stated, *"Alright, that's all the information I was looking to verify. Now, let me transfer you over to my supervisor and he will assist you further. Stay with me."*

48.     On March 18, 2025, Plaintiff received yet another automated call utilizing prerecorded artificial intelligence technology from Defendant to his residential telephone number (734) 424-XXXX. The call was "spoofed" to appear as though it originated from phone number (980) 892-6541. The caller ID stated "Elaine Beaver."

49.     Plaintiff answered the call. It was a prerecorded call following the exact same script as the calls he received on February 19 and February 20. Specifically, Plaintiff was greeted by a *"Hello"* followed by *"Hi, this is Zach Miller, how are you doing today?"* which was delivered in a robotic or automated voice with an unnatural and monotone cadence, rather than by a live person.

50.     The calls all came from the following numbers, and transmitted the caller ID, in the form of both CPN and ANI as follows, which included "spoofed" numbers. Counsel for the Plaintiff has access to "dip" the Caller ID database of the calling carrier to ascertain the CNAM information to ascertain (1) whether caller name delivery (CNAM) is available with the Defendant's calling carrier, and (2) whether such CNAM information contained the name of the telemarketer. The results of those dips are as follows:

11

| Number | CNAM Avail? | CNAM Result | Carrier of Record |
|---|---|---|---|
| 7342062107 | Y | KATHY MERRIMAN | Level 3 |
| 2483474480 | Y | INSURANCE CO | Level 3 |
| 7346391591 | Y | MONROE MI | Charter Fiberlink |
| 9808926541 | Y | ELAINE BEAVER | Onvoy |

51.     Aside from 2483474480, Defendant appears to have either spoofed each of the numbers above to numbers that are not assigned or to numbers that are assigned to innocent third parties, as will be revealed through discovery, to further hide their location and the illegal nature of the calls.

52.     Aside from 2483474480, none of the numbers listed above permit a caller to call the number and lodge a do not call request during regular business hours. It is not possible to call any of those numbers back to lodge a Do Not Call request during regular business hours.

53.     Nor will anybody texting or calling those telephone numbers receive an alternate number to call to lodge a Do Not Call request during regular business hours.

54.     Indeed, the Plaintiff only learned of the Defendant's identity after State Farm identified them in this litigation.

55.     The aforementioned calls to the Plaintiff were unwanted.

56.     The calls were nonconsensual encounters.

57.     Plaintiff's privacy has been violated by the above-described telemarketing calls.

58.     Plaintiff never provided his consent or requested the calls.

59.     Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed.  Plaintiff and the Class members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

## **Class Action Statement**

60.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

61.     Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

62.     Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

**Robocall Class:** All persons in the United States who, (1) within four years prior to the commencement of this litigation until the class is certified (2) received one or more calls on their residential telephone or any other protected telephone service (3) from or on behalf of the Defendant (4)

13

sent using the same, or substantially similar, pre-recorded message used to contact the Plaintiff.

**National Do Not Call Registry Class:** All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call, text message, or combination thereof, from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

**Telemarketing Caller ID Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) sent (2) two or more telemarketing calls in a 12-month period, (3) which either (a) did  not transmit caller identification information that included either CPN or ANI and the Defendant's or telemarketer's name, (b) did not transmit a valid CPN or ANI at all, or (c) transmitted a CPN or ANI that would not have allowed an individual to make a do not call request during regular business hours, (4) within the four years prior to the filing of the Complaint.

63.     Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes as he has no interests that conflict with any of the Class members.

64.     Excluded from the Classes are counsel, Defendant, and any entities in which Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

65.     Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy,

annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

66.    This Class Action Complaint seeks injunctive relief and money damages.

67.    The Class as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

68.    Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

69.    The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

70.    Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

71.    There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

72.    There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including, but not limited to, the following:

a.     Whether Defendant made multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

b.     Whether Defendant made calls using artificial or prerecorded voices to Plaintiff and members of the Robocall Class;

c.     Whether Defendant's conduct constitutes a violation of the TCPA; and

d.     Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

73.     Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has no interests which are antagonistic to any member of the Classes.

74.     Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

75.     Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or their agents, if any, as discovery may reveal.

76.     The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

77.     Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**FIRST CAUSE OF ACTION**
**Statutory Violations of the Telephone Consumer Protection Act**
**U.S.C. § 227(b)(1)(B) and/or (b)(1)(A)(iii)) on behalf of the Robocall Class**

78.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

79.     Defendant violated the TCPA by sending or causing to be sent calls to the residential telephones and other protected telephones of Plaintiff and members of the Robocall Class using a pre-recorded messages without their prior express written consent.

80.     As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Robocall Class members are entitled to an award of $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

81.     Plaintiff and Robocall Class members are entitled to an award of treble damages if the Defendant's actions are found to have been knowing or willful.

82.     Plaintiff and Robocall Class members are also entitled to and do seek injunctive relief prohibiting Defendant from using a pre-recorded voice in the future, except for emergency purposes.

### SECOND CAUSE OF ACTION
**Violation of the Telephone Consumer Protection Act**
**47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the**
**National Do Not Call Registry Class**

83.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

84.     The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227 by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

85.     Defendant's violations were negligent, willful, or knowing.

86.     As a result of Defendant's and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C.

§ 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

87.   Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

### THIRD CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the Telemarketing Caller ID Class)

88.   Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

89.   It is a violation of the TCPA to make a telemarketing call without the transmission of caller identification information including either a CPN or ANI and, when available by the telemarketer's carrier, the name of the telemarketer. 47 C.F.R. § 64.1601(e)(1).

90.   It is a violation of the TCPA to transmit a CPN or ANI that does not allow any individual to make a do-not-call request during regular business hours. 47 C.F.R. § 64.1601(e)(1).

91.     Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telemarketing calls to be initiated to Plaintiff and members of the Telemarketing Caller ID Class in a 12-month period, without transmitting the name of the telemarketer, despite such option for transmission of accurate CNAM information being available by its carrier, by calling without transmitting CPN or ANI, or by calling while transmitting non-compliant CPN or ANI.

92.     These violations were willful or knowing.

93.     As a result of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's telemarketing Caller ID transmission requirement, Plaintiff and members of the Telemarketing Caller ID are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

94.     Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.      Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to any residential number on the National Do Not Call Registry in the future;

B.      Injunctive relief prohibiting Defendant from using artificial or prerecorded voices to contact residential telephone lines and other protected lines, except for emergency purposes, in the future;

C.      Injunctive relief prohibiting Defendant from transmitting inaccurate and non-compliant caller ID information in the future;

D.      That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

E.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

F.      Such other relief as the Court deems just and proper.

## **<u>JURY DEMAND</u>**

Plaintiff requests a jury trial as to all claims of the complaint so triable.

RESPECTFULLY SUBMITTED AND DATED this February 24, 2026.

*/s/ Cassandra P. Miller*

Cassandra P. Miller
**STRAUSS BORRELLI PLLC**
980 N Michigan Ave Ste 1610
Chicago, IL 60611-7502
United States
Telephone: (872) 263-1100
Facsimile: (872) 263-1109

Andrew Roman Perrong, Esq.
**PERRONG LAW LLC**
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Telephone: (215) 225-5529 (CALL-LAW)
Facsimile: (888) 329-0305
a@perronglaw.com

## <u>CERTIFICATE OF SERVICE</u>

I, Casandra P. Miller, hereby certify that on February 24, 2026, I caused the foregoing to be electronically filed with the Court using the Court's CM/ECF system which will send an electronic copy to all parties and/or their counsel of record.

DATED this 24th day of February, 2026.

*/s/ Cassandra P. Miller*
Cassandra P. Miller
**STRAUSS BORRELLI PLLC**
980 N Michigan Ave Ste 1610
Chicago, IL 60611-7502
United States
Telephone: (872) 263-1100
Facsimile: (872) 263-1109