**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF MICHIGAN**

MARK DOBRONSKI, individually and on behalf of a class of all persons and entities similarly situated,

  Plaintiff,

    v.

MARCHEX, Inc.

        Defendant.

Case No. 2:25-cv-13806-RJW-EAS

Hon. Robert J. White

Hon. Elizabeth A. Stafford

---

### <u>DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT</u>

Defendant Marchex, Inc. ("Marchex") hereby respectfully moves (i) to dismiss the putative First Amended Class Action Complaint ("FAC," ECF No. 15) filed by Mark Dobronski ("Plaintiff") in this matter in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) or, (ii) in the alternative, to strike Plaintiff's class allegations pursuant to Fed. R. Civ. P. 12(f) and/or 23. The FAC should be dismissed under Rule 12(b)(6) because Plaintiff failed to state a plausible claim for relief under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227, *et seq.* Plaintiff's class allegations should be stricken, in the alternative, under Rules 12(f) and/or 23 on adequacy grounds. Marchex respectfully submits its Brief in Support of this Motion below.

Pursuant to Local Rule 7.1(a), the undersigned certifies that counsel for Defendant conferred with counsel for Plaintiff on March 19, 2026, via telephone, regarding the nature of this Motion and its legal bases thereof. The parties did not come to an agreement. This Motion is therefore opposed.

WHEREFORE, for these reasons, and for the reasons set forth in the Brief in Support which is incorporated herein by reference, and for such reasons as may be presented to the Court prior to its ruling hereon, Marchex respectfully requests that the Court grant this Motion in its entirety, along with granting all other just relief.

Dated: March 19, 2026

Respectfully submitted,

By: /s/ A. Paul Heeringa

**Manatt, Phelps & Phillips, LLP**
A. Paul Heeringa
Madelaine Newcomb
151 N. Franklin Street, Suite 2600
Chicago, Illinois 60606
Telephone: (312) 529-6300
Email: pheeringa@manatt.com
Email: mnewcomb@manatt.com

**Howard & Howard PLLC**
Jonathan F. Karmo
450 W 4th St
Royal Oak, MI 48067
Telephone: (248) 723-0325
Email: jfk@h2law.com

*Counsel for Defendant*

2

# **TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................1

RELEVANT ALLEGATIONS ..............................................................................3

APPLICABLE LEGAL STANDARDS..................................................................4

ARGUMENT .........................................................................................................6

      I.     The Entire FAC Should Be Dismissed Because Plaintiff Fails to Plausibly Allege a Theory of TCPA Liability (Direct or Vicarious Liability). ........................................................................................6

      II.    Count II Should Also Be Dismissed Because Plaintiff Fails to Plead Facts Supporting Essential Elements of His Asserted DNC Claim. ...17

      III.   Count III Fails Because There is No Private Cause of Action Under Section 64.1601(e) of the TCPA's Implementing Regulations. ..........22

      IV.   Alternatively, Plaintiff's Class Allegations Should Be Stricken.........23

CONCLUSION ....................................................................................................25

# TABLE OF AUTHORITIES

## CASES

*Aaronson v. CHW Grp., Inc.*,
2019 WL 8953349 (E.D. Va. Apr. 15, 2019) ..................................................10, 15

*Abante Rooter & Plumbing v. Farmers Grp., Inc.*,
2018 WL 288055 (N.D. Cal. Jan. 4, 2018)..........................................................6

*Alexander v. Sandoval*,
121 S. Ct. 1511 (2001)..................................................................................23

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).............................................................................4, 10, 13

*Bank v. Alleviate Tax, LLC*,
2024 WL 1332635 (E.D.N.Y. Mar. 28, 2024)........................................9, 14, 17

*Bank v. Consumer Tax Advoc., LLC*,
2025 WL 1640500 (E.D.N.Y. Feb. 5, 2025) ........................................................14

*Bank v. Philips Elecs. N. Am. Corp.*,
2015 WL 1650926 (E.D.N.Y. Apr. 14, 2015).....................................................13

*Bank v. Vivint Solar, Inc.*,
2019 WL 2280731 (E.D.N.Y. Feb. 25, 2019) ....................................................15

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007).............................................................................4, 10, 13

*Belleville v. Florida Insur. Services, Inc.*,
2024 WL 2342337 (S.D. Fla. May 23, 2024)....................................................12

*Bennett v. Celtic Ins. Co.*,
2022 WL 865837 (N.D. Ill. Mar. 23, 2022) .......................................................8

*Bickerstaff v. Lucarelli*,
830 F.3d 388 (6th Cir. 2016) ...........................................................................5

*Brownlee v. Allstate Ins. Co.*,
2021 WL 4306160 (N.D. Ill. Sept. 22, 2021)...............................................10, 14

*Cunningham v. Caribbean Cruise Lines, Inc.*,
2016 WL 7494871 (S.D. Fla. Dec. 29, 2016)....................................................18

*Cunningham v. Daybreak Solar Power*,
2023 WL 3985245 (N.D. Tex. June 13, 2023).................................................17

ii

*Cunningham v. Health Plan Intermediaries Holdings, LLC*,
  2021 WL 1946645 (M.D. Tenn. May 14, 2021) ..........................................6, 8, 16

*Cunningham v. McDonald*,
  2018 WL 6737418 (M.D. Tenn. Nov. 5, 2018)...................................................18

*Cunningham v. Politi*,
  2019 WL 2519568 (E.D. Tex. Apr. 30, 2019)....................................................18

*Cunningham v. Rapid Response Monitoring Servs., Inc.*,
  251 F. Supp. 3d 1187 (M.D. Tenn. 2017) ..........................................................16

*Dobronski v. Alarm Mgmt. II, L.L.C.*,
  2020 WL 6780267 (E.D. Mich. Nov. 18, 2020)...............................................3, 21

*Dobronski v. CHW Group, Inc.*,
  Case No. 2:24-cv-11549, ECF No. 1 ..................................................................21

*Dobronski v. Daraujo*,
  2025 WL 3708891 (E.D. Mich. Dec. 22, 2025) .................................................25

*Dobronski v. Juliasangel Mktg., LLC*,
  2025 WL 2659265 (E.D. Mich. Sept. 17, 2025) ..........................................passim

*Dobronski v. Russo*,
  2024 WL 4363118 (E.D. Mich. Sept. 30, 2024) ..........................................passim

*Dobronski v. Selectquote Ins. Servs.*,
  2025 WL 904370 (E.D. Mich. Jan. 14, 2025) ......................................................3

*Dobronski v. Selectquote Ins. Servs.*,
  462 F. Supp. 3d 784 (E.D. Mich. 2020) .............................................................23

*Dobronski v. SunPath Ltd.*,
  2020 WL 8840311 (E.D. Mich. July 27, 2020)...................................................23

*Dobronski v. Tobias & Assocs.*,
  2023 WL 7005844 (E.D. Mich. Sept. 25, 2023) ...............................................3, 4

*Dobronski v. Total Ins. Brokers, LLC*,
  2021 WL 4452218 (E.D. Mich. Sept. 29, 2021) .................................................22

*Doyle v. GoHealth, LLC*,
  2023 WL 3984951 (D.N.J. Mar. 30, 2023) ........................................................15

*Eidson v. Tenn. Dep't of Child. Servs.*,
  510 F.3d 631 (6th Cir. 2007) ...............................................................................5

*Eldridge v. Cabela's Inc.*,
  2017 WL 4364205 (W.D. Ky. Sept. 29, 2017).....................................................24

*Frank v. Cannabis & Glass, LLC*,
  2019 WL 4855378 (E.D. Wash. Oct. 1, 2019) ......................................................9

*Gen. Tel. Co. of the Sw. v. Falcon*,
  457 U.S. 147 (1982)............................................................................................23

*Gillam v. Reliance First Capital, LLC*,
  2023 WL 2163775 (E.D.N.Y. Feb. 22, 2023) ...................................................1, 18

*Hanon v. Dataproducts Corp.*,
  976 F.2d 497 (9th Cir. 1992) ..............................................................................24

*Hernandez v. Select Portfolio, Inc.*,
  2015 WL 3914741 (C.D. Cal. June 25, 2015).....................................................13

*Hicks v. Alarm.com*,
  2020 WL 9261758 (E.D. Va. Aug. 6, 2020) ..........................................18, 19, 20

*Hurley v. Messer*,
  2018 WL 4854082 (S.D.W.Va. Oct. 4, 2018) ......................................................9

*In re Dish Network, LLC*,
  2013 WL 1934349, 28 FCC Rcd. 6574 (2013) ..................................................7, 8

*In re Rules & Regs. Implementing the TCPA*,
  30 FCC Rcd. 7961 (2015) .....................................................................................8

*In re Gibson Greetings Sec. Litig.*,
  159 F.R.D. 499 (S.D. Ohio 1994).......................................................................24

*Int'l IP Holdings, LLC v. Vitamin Energy, Inc.*,
  2023 WL 6466560 (E.D. Mich. Oct. 4, 2023).................................................5, 13

*Jamison v. First Credit Servs., Inc.*,
  290 F.R.D. 92 (N.D. Ill. 2013)............................................................................25

*Jones v. City of Cincinnati*,
  521 F.3d 555 (6th Cir. 2008) ................................................................................5

*Kemen v. Cincinnati Bell Tel. Co., Inc.*,
  2023 WL 361136 (S.D. Ohio Jan. 23, 2023)......................................................18

*League of United Latin Am. Citizens v. Bredesen*,
  500 F.3d 523 (6th Cir. 2007) ................................................................................5

*Loreto v. Procter & Gamble Co.*,
  2013 WL 6055401 (S.D. Ohio Nov. 15, 2013) ...................................................24

*Lucas v. Telemarketer Calling from (407) 476-5680*,
  2019 WL 3021233 (6th Cir. May 29, 2019)........................................................6, 7

iv

*Maldonado-Rodriguez v. Citibank, N.A.*,
  2013 WL 350814 (N.D. Ind. Jan. 28, 2013) .......................................................13

*Mantha v. QuoteWizard.com*,
  2022 WL 325722 (D. Mass. Feb. 3, 2022) .....................................................19, 20

*Matthews v. Senior Life Ins. Co.*,
  2025 WL 1181789 (E.D. Va. Apr. 22, 2025) ......................................................10

*Meeks v. Buffalo Wild Wings, Inc.*,
  2018 WL 1524067 (N.D. Cal. Mar. 28, 2018) ....................................................17

*Melito v. Am. Eagle Outfitters, Inc.*,
  2015 WL 7736547 (S.D.N.Y. Nov. 30, 2015)........................................11, 12, 13

*Moore v. Triumph CSR Acquisition, LLC*,
  2023 WL 8601528 (N.D. Ill. Dec. 12, 2023)........................................................19

*Morgan v. U.S. Xpress, Inc.*,
  2018 WL 3580775 (W.D. Va. July 25, 2018) ...............................................18, 20

*Murray v. Choice Energy, LLC*,
  2015 WL 4204398 (S.D. Ohio July 10, 2015)........................................12, 13, 16

*Nelums v. Mandu Wellness, LLC*,
  2023 WL 5607594 (D.N.M. Aug. 30, 2023) .........................................................7

*New Albany Tractor, Inc. v. Louisville Tractor, Inc.*,
  650 F.3d 1046 (6th Cir. 2011) ..............................................................................5

*Pascal v. Agentra, LLC*,
  2019 WL 5212961 (N.D. Cal. Oct. 16, 2019) ......................................................6

*Pilgrim v. Universal Health Card, LLC*,
  660 F.3d 943 (6th Cir. 2011) ........................................................................23, 24

*Rogers v. Assurance IQ, LLC*,
  2023 WL 2646468 (W.D. Wash. Mar. 27, 2023)........................................passim

*Rogers v. Interstate Nat'l Dealer Servs. Inc.*,
  2020 WL 4582689 (N.D. Ohio Aug. 10, 2020)..............................................8, 21

*Rombough v. Robert D. Smith Ins. Agency, Inc.*,
  2022 WL 2713278 (N.D. Iowa June 9, 2022) ....................................................21

*Saginaw Chippewa Indian Tribe of Michigan v. Blue Cross Blue Shield of
  Michigan*,
  32 F.4th 548 (6th Cir. 2022) ...............................................................................21

*Sapan v. Veritas Funding, LLC*,
2023 WL 6370223 (C.D. Cal. July 28, 2023)......................................................25

*Sauter v. CVS Pharmacy, Inc.*,
2014 WL 1814076 (S.D. Ohio May 7, 2014)........................................................24

*Scruggs v. CHW Grp., Inc.*,
2020 WL 9348208 (E.D. Va. Nov. 12, 2020) ......................................................10

*Sec'y of Labor v. Macy's, Inc.*,
2021 WL 5359769 (S.D. Ohio Nov. 17, 2021) ...............................................5, 13

*Sheski v. Shopify (USA) Inc.*,
2020 WL 2474421 (N.D. Cal. May 13, 2020)........................................................7

*Smith v. Direct Building Supplies, LLC*,
2021 WL 4623275 (E.D. Pa. Oct. 7, 2021) .........................................................15

*Smith v. Vision Solar LLC*,
2020 WL 5632653 (E.D. Pa. Sept. 21, 2020)......................................................18

*Special Medical Equip., Inc. v. Dobronski*,
2026 WL 540262 (E.D. Mich, Feb. 26, 2026).......................................................3

*Tam Travel, Inc. v. Delta Airlines, Inc.*,
583 F.3d 896 (6th Cir. 2009) ................................................................................5

*Tillman v. Hertz Corp.*,
2019 WL 3231377 (N.D. Ill. July 18, 2019) .......................................................25

*Wick v. Twilio Inc.*,
2017 WL 2964855 ..................................................................................................8

*Williams v. CitiMortgage, Inc.*,
498 F.App'x 532 (6th Cir. 2012)......................................................................5, 13

*Wilson v. MEDVIDI Inc.*,
2025 WL 2856295 (N.D. Cal. Oct. 7, 2025) ...................................................9, 15

*Woodard v. Health Ins. All.*,
2024 WL 942629 (N.D. Ill. Mar. 5, 2024) ............................................................9

*Young v. Nationwide Ins. Co.*,
693 F.3d 532 (6th Cir. 2012) ..............................................................................24

## STATUTES

47 U.S.C. § 227(c)(3)............................................................................................22

47 U.S.C. § 227(c)(5)............................................................................................18

47 U.S.C. § 227(d) ................................................................................................22

## OTHER AUTHORITIES

47 C.F.R. § 64.1200(c)(2) ...............................................................................18, 21

47 C.F.R. § 64.1601(e)....................................................................................22, 23

## RULES

Fed. R. Civ. P. 8 ..................................................................................................13

Fed. R. Civ. P. 12(b)(6).................................................................................passim

Fed. R. Civ. P. 12(f) .........................................................................................3, 24

Fed. R. Civ. P. 23 ...........................................................................................24, 25

Fed. R. Civ. P. 23(a).............................................................................................24

Fed. R. Civ. P. 23(c)(1)(A) ..................................................................................24

## ISSUES PRESENTED

Whether Plaintiff has adequately pled plausible claims for relief under Fed. R. Civ. P. 12(b)(6). Defendant answers: "No."

Whether Plaintiff's class allegations should be stricken under Fed. R. Civ. P. 12(f) and/or 23 on adequacy grounds. Defendant answers: "Yes."

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

- *Bickerstaff v. Lucarelli*, 830 F.3d 388 (6th Cir. 2016)

- *Cunningham v. Health Plan Intermediaries Holdings, LLC*, 2021 WL 1946645 (M.D. Tenn. May 14, 2021)

- *Dobronski v. Juliasangel Mktg., LLC*, 2025 WL 2659265 (E.D. Mich. Sept. 17, 2025)

- *Dobronski v. Russo*, 2024 WL 4363118 (E.D. Mich. Sept. 30, 2024)

- *Lucas v. Telemarketer Calling from (407) 476-5680*, 2019 WL 3021233 (6th Cir. May 29, 2019)

- *Melito v. Am. Eagle Outfitters, Inc.*, 2015 WL 7736547 (S.D.N.Y. Nov. 30, 2015)

- *Murray v. Choice Energy, LLC*, 2015 WL 4204398 (S.D. Ohio July 10, 2015)

- *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943 (6th Cir. 2011)

- *Rogers v. Interstate Nat'l Dealer Servs. Inc.*, 2020 WL 4582689 (N.D. Ohio Aug. 10, 2020)

- *Special Medical Equip., Inc. v. Dobronski*, 2026 WL 540262 (E.D. Mich, Feb. 26, 2026)

- *Williams v. CitiMortgage, Inc.,* 498 F.App'x 532 (6th Cir. 2012)

## INTRODUCTION

Plaintiff Mark Dobronski is a well-known professional serial litigant, who has filed countless similar TCPA complaints over the years (usually on a *pro se* basis)[1] in this District. In the present case, Plaintiff originally sued a different party, State Farm, claiming that entity was solely legally responsible under the TCPA for the calls at issue. *See generally* ECF No. 1. Having apparently failed to successfully sue State Farm, Plaintiff filed his FAC, adding Marchex and claiming that it is somehow solely responsible for those same calls. In it, Plaintiff conclusorily alleges, without requisite factual support, that Marchex "and/or [its] affiliates, agents, and/or other persons or entities acting" on its behalf called two of his many different "residential" phone numbers, in purported violation of the TCPA. *See generally* ECF No. 15. However, Plaintiff's FAC does not come close to meeting federal pleading standards, let alone to stating a plausible TCPA claim in accordance with the applicable law discussed below. Accordingly, the FAC is ripe for dismissal on multiple grounds:

**First**, as a threshold defect, Plaintiff fails to plausibly allege a theory of liability under the TCPA against Marchex. In this regard, it is well-accepted that all TCPA plaintiffs must first plausibly allege, in every case, either: (1) a direct TCPA liability theory, which requires pleading facts supporting an inference that the defendant itself "physically" placed each of the subject communications directly to

---

[1] Plaintiff is represented by counsel here and thus is not entitled to any deference.

their phone number; or (2) a vicarious TCPA liability theory, which mandates pleading facts supporting an inference that the defendant was in a common law agency relationship with a third party that did place the calls. *See, e.g., Dobronski v. Russo*, 2024 WL 4363118, at *5 (E.D. Mich. Sept. 30, 2024) (dismissing one of Plaintiff's many prior TCPA complaints on these bases). At the same time, it is equally well-established that taking an equivocating "either/or" approach and baldly concluding that "the defendant and/or its agents called me" is insufficient to plead such theories and cannot avoid a dismissal under Rule 12(b)(6). *Id*. (holding that Plaintiff "simply alleg[ing] that 'Defendants or Defendants' agent' initiated calls" was insufficient to plead any TCPA liability theory). Such is all Plaintiff offers here; and this pleading defect alone is fatal to all of his claims against Marchex in this case.

**Second**, the FAC also lacks sufficient facts supporting other essential elements of Plaintiff's asserted claims. For example, for Count II, Plaintiff invokes the National Do Not Call ("DNC") provisions under Section 227(c) of the TCPA, which requires that he plausibly allege, *inter alia*, that: (i) he is a "residential telephone subscriber" (*i.e.,* that he actually uses the phone numbers allegedly called for "residential" purposes); and (ii) he himself registered those numbers on the National DNC Registry. Plaintiff's naked conclusions on these points do not suffice.

**Third**, Count III fails, and should be dismissed with prejudice, because there is no private cause of action under the TCPA's Caller ID regulations invoked there.

**Alternatively**, if the Court does not dismiss, it should at least strike Plaintiff's class allegations under Rules 12(f) and/or 23. In this regard, Plaintiff—who again is a professional serial litigant, is presently being sued in a separate case for fabricating TCPA claims,[2] has dozens of different phone numbers, and thus would be subject to a variety of defenses unique to him—would not be an adequate class representative.

## RELEVANT ALLEGATIONS

As noted above, Plaintiff originally sued State Farm, claiming that only State Farm had called him. *See generally* ECF No. 1. In his FAC, Plaintiff now alleges (or, rather, concludes) that he "received multiple prerecorded calls and a live call from [Marchex] in February 2025 and March 2025." ECF No. 15, ¶ 32, PageID.102. These calls were allegedly received on two different numbers, out of the many Plaintiff has, which he claims have been on the National DNC Registry for over 20 years. *Id.* ¶¶ 26-29, PageID.101. Though he suggests that there were numerous calls, the FAC discusses only <u>three</u> – one made to his purported cell phone number and two to his purported "home" number. *See id.,* ¶¶ 28-29, 39-52, PageID.101-105. He claims that the "pre-recorded call [*sic*] resulted in a transfer to a live State Farm agent." *Id.* ¶ 34,

---

[2] *See generally Special Medical Equip., Inc. v. Dobronski*, 2026 WL 540262 (E.D. Mich, Feb. 26, 2026) (denying Mr. Dobronski's motion to dismiss). He has also been admonished and/or sanctioned for his repeated litigation misconduct. *See also Dobronski v. Alarm Mgmt. II, L.L.C.*, 2020 WL 6780267, at *4 (E.D. Mich. Nov. 18, 2020); *Dobronski v. Selectquote Ins. Servs.*, 2025 WL 904370, at *4 (E.D. Mich. Jan. 14, 2025); *Dobronski v. Tobias & Assocs.*, 2023 WL 7005844, at *3 (E.D. Mich. Sept. 25, 2023), *report and rec. adopted in part*, 2024 WL 1174553 (Mar. 18, 2024).

3

PageID.102. Yet, ***none of the subject calls identified Marchex at all***. *See id.* Further, the calls originated from three (or perhaps four) different numbers—none of which were assigned to Marchex, according to Plaintiff. *See id.* ¶¶ 50-52, PageID.105-106. In fact, the <u>only</u> alleged connections between the subject calls and Marchex in the entire FAC are that: (i) "State Farm was Marchex's client for the calling campaign" at issue, and (ii) Plaintiff somehow "learned of the Defendant's identity after State Farm identified them in this litigation." *Id.* ¶¶ 35, 54, PageID.102 and 106.

As discussed below, these speculative and wholly conclusory allegations are woefully insufficient to withstand dismissal under federal pleading standards.

<u>**APPLICABLE LEGAL STANDARDS**</u>

Rule 12(b)(6) mandates dismissal of a complaint for failure to state a claim for relief. To avoid dismissal under this Rule, plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See also id.* (a plaintiff must allege facts that nudge their claims across the line from merely "conceivable" to "plausible"). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (quotation marks and citation omitted).

As such, while this Court must generally accept Plaintiff's well-pled factual allegations as true under this Rule, it need <u>not</u> do so for Plaintiff's many legal conclusions couched as fact, unwarranted or unreasonable inferences, or unsupported speculation. *See Tam Travel, Inc. v. Delta Airlines, Inc.*, 583 F.3d 896, 903 (6th Cir. 2009); *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008); *Eidson v. Tenn. Dep't of Child. Servs.*, 510 F.3d 631, 634 (6th Cir. 2007); *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). *See also Bickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016) (Courts "need not accept as true any 'conclusory legal allegations that do not include **specific facts** necessary to establish the cause of action.'") (quoting *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1050 (6th Cir. 2011)) (emphasis added).

Moreover, it is equally axiomatic that this Court need not accept the many internally inconsistent and contradictory allegations in Plaintiff's FAC as true, nor attempt to reconcile them, when ruling on this Motion under Rule 12(b)(6), either. *See, e.g., Sec'y of Labor v. Macy's, Inc.*, 2021 WL 5359769, at *5 (S.D. Ohio Nov. 17, 2021) ("There is also an exception to the general principle that the Court accepts all factual allegations as true for internally inconsistent allegations, which need not (and indeed cannot) be accepted as true for purposes of a motion to dismiss.") (citation omitted); *Int'l IP Holdings, LLC v. Vitamin Energy, Inc.*, 2023 WL 6466560, at *8 (E.D. Mich. Oct. 4, 2023) (ruling similarly); *Williams v. CitiMortgage, Inc.*,

5

498 F.App'x 532, 536 (6th Cir. 2012) ("[A] court need not feel constrained to accept as truth conflicting pleadings that make no sense, or that would render a claim incoherent, or that are contradicted either by statements in the complaint itself….").

## ARGUMENT

For the reasons below, Plaintiff's deeply-flawed FAC should suffer the same fate as his prior faulty pleadings, and be entirely dismissed under Rule 12(b)(6).

**I.**     **The Entire FAC Should Be Dismissed Because Plaintiff Fails to Plausibly Allege a Theory of TCPA Liability (Direct or Vicarious Liability).**

As a threshold pleading defect, Plaintiff failed to properly allege a theory of TCPA liability. Again, it is well-settled that Plaintiff must first plausibly allege one of two potential theories of liability under the TCPA against Marchex to survive dismissal here: (1) direct liability or (2) vicarious liability. *See, e.g., Lucas v. Telemarketer Calling from (407) 476-5680*, 2019 WL 3021233, at *5 (6th Cir. May 29, 2019). *Accord Dobronski v. Juliasangel Mktg., LLC*, 2025 WL 2659265, at *9-11 (E.D. Mich. Sept. 17, 2025); *Dobronski v. Russo*, 2024 WL 4363118, at *5; *Cunningham v. Health Plan Intermediaries Holdings, LLC*, 2021 WL 1946645, at *2 (M.D. Tenn. May 14, 2021). This rule means that the defendant "must either (1) directly make the call, or (2) have [a common law] agency relationship with the person who made the call"—which must be pled with adequate facts. *Pascal v. Agentra, LLC*, 2019 WL 5212961, at *2 (N.D. Cal. Oct. 16, 2019) (quoting *Abante Rooter & Plumbing v. Farmers Grp., Inc.*, 2018 WL 288055, at *4 (N.D. Cal. Jan. 4, 2018)).

6

Further, as Plaintiff himself should well know given his long litigation history, failure to plausibly allege either theory warrants dismissal of <u>any</u> TCPA claim in its <u>entirety</u> under Rule 12(b)(6), regardless of whether there were also pled facts supporting other essential elements of that claim. *Nelums v. Mandu Wellness, LLC,* 2023 WL 5607594, at *9 (D.N.M. Aug. 30, 2023) ("Because Plaintiff fails to satisfy the first elements of the TCPA []—that Defendants were directly or vicariously liable for the [subject communications]—the Court does not reach Defendants' arguments regarding whether Plaintiff adequately plead[ed] the other elements" of the asserted claims.). *See also Dobronski v. Russo*, 2024 WL 4363118, at *5 (dismissing one of Plaintiff's many prior TCPA complaints on these same bases); *Dobronski v. Juliasangel Mktg., LLC*, 2025 WL 2659265, at *9-11 (same). As discussed below, Plaintiff failed to plausibly allege either theory of liability against Marchex here.

It is well-established that direct TCPA liability applies <u>only</u> to persons or entities that "make" or "initiate" telemarketing calls, which in this context means to literally "***physically place***" a phone call directly to the plaintiff. *Sheski v. Shopify (USA) Inc.*, 2020 WL 2474421, at *2 (N.D. Cal. May 13, 2020) (citing *In re Dish Network, LLC*, 2013 WL 1934349, 28 FCC Rcd. 6574, 6583 ¶ 26 (2013)) (emphasis added). In other words, for direct TCPA liability to attach here, Plaintiff must plausibly allege that Marchex ***itself***—not an unidentified third party—physically took the steps to initiate each of the subject phone calls directly to him. *See, e.g., Lucas,* 2019 WL

3021233, at *5-6; *Dobronski v. Juliasangel Mktg., LLC*, 2025 WL 2659265, at *9;

*Cunningham v. Health Plan Intermediaries*, 2021 WL 1946645, at *2.

Conversely, direct TCPA liability cannot be based on calls made by third

parties, and thus "generally does not include persons or entities … that might merely

have some [indirect] role, however minor, in the causal chain that results in the making

of a telephone call." *In re Dish Network, LLC*, 28 FCC Rcd. at 6583; *see also Bennett*

*v. Celtic Ins. Co.,* 2022 WL 865837, at *3 (N.D. Ill. Mar. 23, 2022) (dismissing on

this basis, holding "a [TCPA] defendant 'generally does not [physically] initiate calls

placed by third-party telemarketers,' even if the third party had acted on its behalf").

Similarly, "[m]erely offering a good or service for sale does not mean that a

retailer [physically] initiates the marketing calls for that product" for direct TCPA

liability purposes, either. *Wick v. Twilio Inc.,* 2017 WL 2964855, at *3 (W.D. Wash.

July 12, 2017. *See also Rogers v. Interstate Nat'l Dealer Servs. Inc.*, 2020 WL

4582689, at *3 (N.D. Ohio Aug. 10, 2020) ("Plaintiff argues that because he received

a call 'on behalf of' [defendant], [defendant] is directly liable under the TCPA.

Plaintiff is mistaken."). Both logically and legally, there must be a "direct connection

between a person or entity and the making of a call" for direct TCPA liability to attach.

*In re Rules & Regs. Implementing the TCPA*, 30 FCC Rcd. 7961, 8073 (2015).

To meet federal pleading requirements, however, "[m]erely alleging [a

defendant or its agents] 'made' or 'initiated' [a] call," like Plaintiff has done here, is

not sufficient to allege a [direct] TCPA [liability] claim." *Frank v. Cannabis & Glass, LLC*, 2019 WL 4855378, at *2 (E.D. Wash. Oct. 1, 2019). *See also Rogers v. Assurance IQ, LLC*, 2023 WL 2646468, at *5 (W.D. Wash. Mar. 27, 2023) (dismissing on this basis where the plaintiff had "not pleaded any ***facts*** supporting their inference that [the defendant itself] physically dialed the [subject phone] calls to four of the individual plaintiffs" (emphasis in original)); *Wilson v. MEDVIDI Inc.*, 2025 WL 2856295, at *4 (N.D. Cal. Oct. 7, 2025) (dismissing and holding: "Despite Plaintiff's conclusory allegation that the text messages were sent by Defendant, the complaint provides no factual details plausibly suggesting that Defendant actually sent them. There is no discussion, for example, of any investigation Plaintiff conducted to form the understanding that Defendant operated the separate phone numbers from which these messages were sent."); *Woodard v. Health Ins. All.*, 2024 WL 942629, at *3 (N.D. Ill. Mar. 5, 2024) (dismissing on this basis and holding that "TCPA actions must allege some facts which are distinguishable from the statutory language of the TCPA itself to state a claim and survive dismissal" under Rule 12(b)(6)).

In short, under *Iqbal*/*Twombly*, "simply asserting a purported fact" in a TCPA (or any) case, as Plaintiff does here, "does not make it one, where there are no factual allegations to support the asserted conclusion." *Bank v. Alleviate Tax, LLC*, 2024 WL 1332635, at *5, n.6 (E.D.N.Y. Mar. 28, 2024) (dismissing TCPA claim on this basis). *See also Hurley v. Messer*, 2018 WL 4854082, at *4 (S.D.W.Va. Oct. 4, 2018)

9

(dismissing TCPA claim on this basis and noting that "allowing discovery where [p]laintiff has failed to allege a plausible claim would be directly contrary to the mandates of *Iqbal* and *Twombly*"). Put in the context of this case, "[a]s a party to these calls, Plaintiff 'should be able [and is indeed required] to provide greater detail'" to plausibly allege a direct TCPA liability theory under Rule 12(b)(6). *Matthews v. Senior Life Ins. Co.*, 2025 WL 1181789, at *3 (E.D. Va. Apr. 22, 2025) (quoting *Scruggs v. CHW Grp., Inc.*, 2020 WL 9348208, at *6 (E.D. Va. Nov. 12, 2020)).[3]

Plaintiff's prior dismissals in the *Russo* and *Juliasangel Marketing* cases, cited above, are instructive on this point. In the former, Plaintiff "simply alleged that 'Defendants or Defendants' agent' initiated calls" to him, without any additional factual enhancement, which the court found was insufficient to plausibly state any TCPA liability theory. 2024 WL 4363118, at *5. In the latter, Plaintiff pled no facts supporting an inference that either defendant physically placed any calls directly to him, and "the sole non-conclusory mention of actions purportedly taken by them [in his complaint were] during a phone call ***initiated by Plaintiff***." 2025 WL 2659265, at *9 (emphasis in original). Plaintiff somehow pleads even <u>less</u> detail in this case.

---

[3] *See also Aaronson v. CHW Grp., Inc.,* 2019 WL 8953349, at *2-3 (E.D. Va. Apr. 15, 2019) (dismissing on this basis where plaintiff "failed to plead facts sufficient to support a theory of direct liability under the TCPA because plaintiff's allegations d[id] not show plausibly that defendant actually, physically initiated the telephone calls at issue."); *Brownlee v. Allstate Ins. Co.,* 2021 WL 4306160, at *1 (N.D. Ill. Sept. 22, 2021) (dismissing and holding that, to avoid dismissal under Rule 12(b)(6) on this basis, all TCPA plaintiffs must allege facts to "allow the Court to reasonably infer that defendant is [directly] liable for ***each call***" at issue) (emphasis added).

Applying the foregoing firmly rooted principles here, it is readily apparent that Plaintiff failed to plausibly allege a direct TCPA liability theory against Marchex. Indeed, as noted above, the *only* alleged connections between the subject calls (which Plaintiff originally speculated were placed by State Farm) and Marchex that are provided in Plaintiff's *entire* FAC are two wholly conclusory and unsupported statements: that "State Farm was Marchex's client for the calling campaign" at issue, and that Plaintiff "learned of the Defendant's identity after State Farm identified them in this litigation." ECF No. 15, ¶¶ 35, 54, PageID.102 and 106. However, "none of [Plaintiff's] factual allegations" in the FAC, "even if accepted as true, establish[] direct liability on [Marchex's] part under the TCPA because, put simply, none of those actions involves the making, or physical placement," of a call directly to him, as required for direct TCPA liability to attach in this case. *Melito v. Am. Eagle Outfitters, Inc.,* 2015 WL 7736547, at *4 (S.D.N.Y. Nov. 30, 2015) (dismissing on this basis).

Beyond this, Plaintiff merely offers a variety of conclusory statements parroting the statute or case law, without any factual enhancement, indicating that Marchex "initiated" or "sent" or "made" the subject calls, it "caused" them "to be initiated" by a third party, or that they were "from" Marchex. *See, e.g.,* ECF No. 15, ¶¶ 6, 11, 32, 38, 39, 44, 48, 62, 79, 84, 87, 91, PageID. 97-98, 102-104, 107, 111-114. But such bald allegations do not remotely meet the bedrock *Iqbal/Twombly* pleading standard, much less state a plausible direct TCPA liability theory in accordance with the weight

11

of applicable federal authority. *See also Melito,* 2015 WL 7736547, at *4 (dismissing and holding: "Plaintiffs' conclusory assertions [defendant] ***sent or caused the text message*** to be sent is simply a legal conclusion devoid of further factual enhancement.") (emphasis added); *Murray v. Choice Energy, LLC*, 2015 WL 4204398, at *2 (S.D. Ohio July 10, 2015) (dismissing on this basis, even though plaintiff was "informed that the call was from Choice Energy," where there were "no factual allegations … that Choice Energy had any active role or involvement in [physically] placing the calls" at issue); *Belleville v. Florida Insur. Services, Inc.,* 2024 WL 2342337, at *4 (S.D. Fla. May 23, 2024), *report and rec. adopted in part,* 2024 WL 2794108 (May 31, 2024) (recommending and approving dismissal on this basis where plaintiff merely alleged "in conclusory fashion that [d]defendant was directly involved in making" the calls without additional factual enhancement).

In the absence of plausible supporting facts, Plaintiff ultimately settles on a flawed "either/or" pleading approach that myriad courts have soundly rejected as being insufficient to state <u>any</u> TCPA liability theory under Rule 12(b)(6), baldly concluding that "Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf" placed the subject calls. *See, e.g.,* ECF No. 15, ¶¶ 84, 86, 87, 91, 93, PageID.112-114. *See also id.* ¶ 62, PageID.107 (Plaintiff's proposed class definitions, referring to calls "from Defendant or a third party acting on Defendant's behalf"). In other words, Plaintiff apparently claims that either

12

***Marchex itself and/or countless unidentified third parties*** called him in this case. However, federal courts have found that such conclusory and equivocating allegations are "woefully insufficient to state claim of ***any*** sort." *Maldonado-Rodriguez v. Citibank, N.A.*, 2013 WL 350814, at *5 (N.D. Ind. Jan. 28, 2013) (emphasis added).

Such is particularly true when it comes to adequately pleading TCPA liability theories, as the many applicable decisions cited above (among others) all demonstrate. *See, e.g., Dobronski v. Russo*, *Melito*, and *Murray*, *supra*. *See also Bank v. Philips Elecs. N. Am. Corp.,* 2015 WL 1650926, at *2 (E.D.N.Y. Apr. 14, 2015) (plaintiff's allegations that the at-issue calls were "made by, or on behalf of, or with the authorization of, an authorized dealer of [defendant]" were "too conclusory to state a plausible claim" for direct TCPA liability). In the end, such internally inconsistent and directly "[c]ontradictory allegations" like Plaintiff's above "are inherently implausible, and [thus] fail to comply with Rule 8, *Twombly*, and *Iqbal*" and cannot survive dismissal under Rule 12(b)(6). *Hernandez v. Select Portfolio, Inc.*, 2015 WL 3914741, at *10 (C.D. Cal. June 25, 2015). This Court also need not accept the many internally inconsistent allegations in Plaintiff's FAC as true when ruling on this Motion. *See, e.g., Sec'y of Labor, Int'l IP Holdings, LLC,* and *Williams*, *supra*.

Plaintiff's various conclusory allegations that the caller's phone numbers were "spoofed" (*see, e.g.,* ECF No. 15, ¶¶ 39, 40, 44, 45, 48, 50, 51, PageID.102-106) do not move the needle on his direct liability theory from "conceivable" to "plausible,"

13

either. *See, e.g., Brownlee,* 2021 WL 4306160, at *1 (dismissing on this basis where caller sold the same type of product as defendant, noting: "Defendant is not the sole seller of car insurance. Numerous other companies sell car insurance. Further, ***spoofing is not unique***; it is entirely possible that another car insurance company similarly engaged in spoofing to contact the plaintiff.") (emphasis added). Again, "simply asserting a purported fact [in such a fashion] does not make it one, where there are no factual allegations to support the asserted conclusion." *Bank,* 2024 WL 1332635, at *5, n.6. *See also Bank v. Consumer Tax Advoc., LLC,* 2025 WL 1640500, at *7–8 (E.D.N.Y. Feb. 5, 2025) (dismissing on this basis where there was "no direct allegation [pled] that [the defendant] was the entity that actually initiated the call").

Worse, Plaintiff made similarly barren conclusions about "spoofed" calls in the *Russo* case, which did not save him from dismissal on direct liability grounds there. *Cf.* 2024 WL 4363118, at *2 (alleging that, "[i]n order to 'conceal identities, the third-party telemarketers will falsify or 'spoof' their caller identification numbers information' so the recipient will not know who called") *with* ECF No. 15, ¶ 40, PageID.103 ("'Spoofing' is a technique is used to conceal the true identity of the caller and unlawful nature of the call"). Those recycled allegations cannot save him here.

At bottom, Plaintiff's FAC is perhaps more notable for what facts it <u>omits</u> in this regard, rather than what few (if any) it actually contains. For example, Plaintiff does not allege, *inter alia*, that (i) the content of the calls identified "Marchex" at all;

14

(ii) his Caller ID identified "Marchex" as the caller for any of the calls; (iii) he ever communicated with any Marchex "employee" on these calls; (iv) any of the persons identified on the calls (*e.g.*, Kathy Merriman, Elaine Beaver, Zach Miller, etc.[4]) were employed by or associated with Marchex; (v) Marchex owns or uses the phone numbers allegedly used to contact him (such as that the numbers appear on its website); or (vi) he called back those numbers and reached Marchex directly. Such facts ***might*** have supported a direct TCPA liability theory here, if properly pled, as courts have found. *See, e.g. Wilson,* 2025 WL 2856295, at *4; *Aaronson*, 2019 WL 8953349, at *2-3; *Rogers*, 2023 WL 2646468, at *5; *Doyle v. GoHealth, LLC*, 2023 WL 3984951, at *4-6 (D.N.J. Mar. 30, 2023); *Smith v. Direct Building Supplies, LLC*, 2021 WL 4623275, at *3-4 (E.D. Pa. Oct. 7, 2021); *Bank v. Vivint Solar, Inc.*, 2019 WL 2280731, at *2 (E.D.N.Y. Feb. 25, 2019). The omission of such easily pled facts here is telling and further fatal to Plaintiff's FAC on direct TCPA liability grounds.

To the contrary, Plaintiff alleges that (i) it is "not possible to call any of those numbers back" and (ii) they either are not assigned to anyone or to third parties, but not Marchex. ECF No. 15, ¶¶ 50-52, PageID.105-106. Plaintiff also suggests one of the numbers he claims belongs to Marchex ("2483474480") ***can*** be called back (*see id.*), but he does not claim that ***he*** called it or even tried to do so. Why he did not is telling, since calling it actually ***reaches State Farm***. Plaintiff also admits his Caller

---

[4] *See, e.g.,* ECF No. 15, ¶¶ 39, 41, 46, 48, 50, PageID.102-106.

ID did not identify Marchex. *See id*. In sum, these allegations confirm that Plaintiff does not know who called him, that it was not Marchex who did so, and that he is merely throwing darts at a dart board here, hoping one will hit a viable liability theory eventually. The Federal Rules do not permit this. Neither should this Court.

Lastly, to the extent Plaintiff was also attempting to assert a vicarious liability theory, he failed. In any context, and especially in TCPA cases, vicarious liability cannot be casually pled; instead, courts uniformly require plaintiffs to meet a certain pleading threshold before hauling an otherwise innocent defendant into court based on the alleged unlawful acts of another. *See, e.g.*, *Dobronski v. Juliasangel Mktg., LLC*, 2025 WL 2659265, at *11 (dismissing where Plaintiff did not plead facts supporting vicarious TCPA liability theories); *Murray*, 2015 WL 4204398, at *5-6 (ruling similarly). In other words, Plaintiff's use of legal buzzwords like "agent" in his FAC will not suffice, without more, to properly plead a vicarious TCPA liability theory. *See*, *e.g.*, *Cunningham*, 2021 WL 1946645, at *4 (holding that a plaintiff "must allege some factual predicate that gives rise to an inference of an agency relationship" and dismissing TCPA case lacking such facts); *Cunningham v. Rapid Response Monitoring Servs., Inc.*, 251 F. Supp. 3d 1187, 1198 (M.D. Tenn. 2017) (same).

Moreover, the accepted touchstone of a common law agency relationship in this context, as is required to state a vicarious TCPA liability theory, mandates pleading plausible factual allegations suggesting that the defendant had specific

"control" over the "manner and means" of any third party's call campaign (such as who to call, when, how, and the content of the calls), not just control over an agent generally. *See, e.g., Rogers,* 2023 WL 2646468, at *6; *Cunningham v. Daybreak Solar Power*, 2023 WL 3985245, at *3 (N.D. Tex. June 13, 2023); *Bank,* 2019 WL 1306064, at *4; *Meeks v. Buffalo Wild Wings, Inc.*, 2018 WL 1524067, at *6 (N.D. Cal. Mar. 28, 2018) (all dismissing where there were no or insufficient facts pled suggesting such "control" over the subject call campaign). As Plaintiff alleges no such facts here, the FAC should also be dismissed on vicarious TCPA liability grounds.

* * *

In all, Plaintiff's failure to properly allege a plausible direct or vicarious TCPA liability theory is not some minor pleading defect to be swept under the rug and sorted out in discovery. Rather, federal law is clear that these are critical threshold issues that must be properly pled at the pleadings stage in all cases. As Plaintiff did not adequately allege such theories here in accordance with the vast weight of applicable federal authority above, his entire FAC should be dismissed under Rule 12(b)(6).

## II.     Count II Should Also Be Dismissed Because Plaintiff Fails to Plead Facts Supporting Essential Elements of His Asserted DNC Claim.

In Count II of the FAC,[5] Plaintiff seeks relief under the TCPA's National "Do Not Call" ("DNC") Registry provision which, along with its related implementing

---

[5] Though not discussed below, Marchex does not concede that Plaintiff received a call utilizing a "prerecorded or artificial voice" for his claim in Count I.

17

regulations, prohibits *inter alia* the "initiat[ion]" of more than one "telephone solicitation" call "by or on behalf of the same entity" in a 12-month period to a "residential telephone subscriber who has registered his or her telephone number" on the Registry. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2). Plaintiff failed to plead sufficient plausible facts supporting at least two of these essential elements.

**First**, Section 227(c) of the TCPA can only be invoked by a "residential telephone subscriber." 47 C.F.R. § 64.1200(c)(2). Accordingly, courts in this Circuit and elsewhere have widely recognized that plaintiffs bringing DNC claims must allege sufficient non-conclusory facts showing the number at which they received the alleged calls is ***actually used*** for "residential" purposes, or face dismissal under Rule 12(b)(6). *See, e.g., Kemen v. Cincinnati Bell Tel. Co., Inc.*, 2023 WL 361136, at *5 (S.D. Ohio Jan. 23, 2023); *Cunningham v. McDonald,* 2018 WL 6737418, at *2 (M.D. Tenn. Nov. 5, 2018), *report and rec. adopted,* 2018 WL 6198417 (Nov. 28, 2018).[6] Yet, parroting the statutory text or case law on this element will not suffice to meet the *Iqbal/Twombly* plausibility threshold here, either. *See, e.g., Morgan v. U.S. Xpress, Inc.,* 2018 WL 3580775, at *2 (W.D. Va. July 25, 2018) (dismissing

---

[6] *See also Cunningham v. Politi,* 2019 WL 2519568, at *4 (E.D. Tex. Apr. 30, 2019), *report and rec. adopted,* 2019 WL 2524736 (June 19, 2019); *Rogers,* 2023 WL 2646468, at *4; *Hicks v. Alarm.com,* 2020 WL 9261758, at *5 (E.D. Va. Aug. 6, 2020); *Gillam v. Reliance First Capital, LLC,* 2023 WL 2163775, at *4-6 (E.D.N.Y. Feb. 22, 2023); *Smith v. Vision Solar LLC*, 2020 WL 5632653, at *3 (E.D. Pa. Sept. 21, 2020); *Cunningham v. Caribbean Cruise Lines, Inc.,* 2016 WL 7494871, at *2 (S.D. Fla. Dec. 29, 2016) (all dismissing DNC claims on this basis, and others, under Rule 12(b)(6)).

similar TCPA claim applying only to "residential" lines, noting plaintiff's characterizations her number is a "residential" line "are not factual allegations, but legal terms drawn from the operative statute" and need not be accepted as true); *Hicks*, 2020 WL 9261758, at \*5 ("Plaintiff argues at length that cellular phone numbers are eligible for listing on the Do Not Call registry … but his argument never returns to the facts of ***this*** case or the use of his phone.") (emphasis original).

Courts have also recognized that whether someone is a "residential telephone subscriber" within the meaning of the TCPA's DNC rules depends on certain conditions, such as whether the number "is the ***primary means of reaching the individual at their residence—that is, there is no other landline or phone at their residence*** which is instead the primary means of reaching them." *Mantha v. QuoteWizard.com*, 2022 WL 325722, at \*6 (D. Mass. Feb. 3, 2022) (emphasis added). *See also Moore v. Triumph CSR Acquisition, LLC,* 2023 WL 8601528, at \*2–3 (N.D. Ill. Dec. 12, 2023) (ruling on similar claim applicable to "residential" lines: "A cellular phone and a residential phone are not the same thing. [] Some people live on their phones. [] Some people practically take up residence on their cell phones. But even the strongest addiction to a cell phone cannot transform it into a residential phone.").

In this instance, Plaintiff vaguely alleges he was called on two different numbers, one being his "cellular telephone number" and the other his "home"

number;[7] and he merely concludes they are both used for "personal, residential, and household purposes" and not for business purposes. ECF No. 15, ¶¶ 26, 27, 30, 31, PageID.101-102. These allegations are insufficient to state a claim for several reasons.

For one, Plaintiff is just parroting the statute and/or applicable case law, which does not comply with federal pleadings standards, instead of pleading actual facts that would support an inference that either number is actually used for "residential" purposes, as is required. *See, e.g., Morgan,* 2018 WL 3580775, at *2. Courts have also found that "personal" use of a phone number is not synonymous with "residential" use under the TCPA, and that such allegations are insufficient to plead the essential "residential telephone subscriber" element without more. *See, e.g., Hicks*, 2020 WL 9261758, at *5 (dismissing DNC claim, where plaintiff concluded his cell number was "not associated with a business and is for personal use"); *Rogers*, 2023 WL 2646468, at *4 (alleged "personal" use of the subject number insufficient, and noting "[t]hese are facts that are easily within the knowledge of [p]laintiffs and can be pleaded to remove any doubt about … whether those numbers are for residential use").

Moreover, Plaintiff pleads nothing suggesting that either number he claims was called in this case is the ***primary*** means of contacting him at his residence. *See Mantha*, 2022 WL 325722, at *6. This is because he cannot. Indeed, a review of Plaintiff's litigation history shows he has around a dozen (if not more) supposedly

---

[7] He does not specify if this is a landline or other number, like a "VoIP" number.

20

"residential" numbers. *See, e.g., Dobronski v. Alarm Mgmt.*, 2020 WL 6780267, at *1; *Dobronski v. CHW Group, Inc.,* Case No. 2:24-cv-11549, ECF No. 1.

In sum, like the *Rogers* court aptly noted, *supra*, such facts about his numbers are surely within Plaintiff's knowledge and could easily be pled if they exist. That Plaintiff failed to plead such facts here is further fatal to Count II of the FAC.

**Second**, the TCPA's implementing regulations expressly prohibit initiating telephone solicitations to a "residential telephone subscriber ***who has registered his or her telephone number***" on the National DNC Registry. 47 C.F.R. § 64.1200(c)(2) (emphasis added). As other courts have found, a plain reading of the unambiguous language of this regulation[8] requires Plaintiff here to plausibly allege that he registered ***his own*** phone numbers on which he allegedly received the subject calls on the National DNC Registry to avoid a dismissal on this basis. *See, e.g., Rogers,* 2023 WL 2646468, at *4 (dismissing in part for this reason); *Rombough v. Robert D. Smith Ins. Agency, Inc.,* 2022 WL 2713278, at *2-4 (N.D. Iowa June 9, 2022) (thoroughly analyzing this issue, dismissing DNC claim *with prejudice,* and holding the "plain [statutory] language provides no distinction for a telephone number that had previously been registered on the national do-not-call registry by someone else"). That plain reading of this regulation harmonizes it with the statutory language in which

---

[8] "If a regulation's meaning is plain, the court must give [] 'it effect, as the court would any law,' … and the court's inquiry into the regulatory meaning is over." *Saginaw Chippewa Indian Tribe of Michigan v. Blue Cross Blue Shield of Michigan*, 32 F.4th 548, 557–58 (6th Cir. 2022) (citations omitted).

21

Congress authorized the creation of a registry of "residential subscribers **who object to *receiving telephone solicitations***." 47 U.S.C. § 227(c)(3) (emphasis added).

In this instance, Plaintiff does not indicate *who* registered the phone numbers upon which he received the at-issue calls, only that they have "been on the National DNC" Registry for over 20 years. *See* ECF No. 15, ¶¶ 28, 29, PageID.101. This inartful pleading suggests that Plaintiff's "numbers could have been registered by previous owners of th[e] numbers rather than by Plaintiff[.]" *Rogers*, 2023 WL 2646468, at *4. Moreover, dismissal is particularly appropriate in this instance given that "[t]hese are facts that are easily within the knowledge of Plaintiff[] and can be pleaded to remove any doubt about whether [Plaintiff] actually registered [his] own number[] on the DNC list[.]" *Id*. Count II thus fails for this additional reason.

**III.   Count III Fails Because There is No Private Cause of Action Under Section 64.1601(e) of the TCPA's Implementing Regulations.**

For his claim in Count III, Plaintiff invokes Section 64.1601(e) of the TCPA's procedural regulations concerning Caller ID display requirements. *See* ECF No. 15, ¶¶ 89-94, PageID.113-114 (invoking 47 C.F.R. § 64.1601(e)). Although some district courts have concluded otherwise, "[t]he majority of courts have held that § 64.1601(e) was promulgated under 47 U.S.C. § 227(d), which does not include a private right of action." *Dobronski v. Juliasangel Mktg., LLC*, 2025 WL 2659265, at *11. Plaintiff has had such claims dismissed on numerous occasions for this reason, in fact. *See, e.g., Dobronski v. Total Ins. Brokers, LLC*, 2021 WL 4452218, at *3

22

(E.D. Mich. Sept. 29, 2021); *Dobronski v. Selectquote Ins. Servs.*, 462 F. Supp. 3d 784, 790 (E.D. Mich. 2020); *Dobronski v. SunPath Ltd.,* 2020 WL 8840311, at *7 (E.D. Mich. July 27, 2020). This Court should reach the same conclusion here.

Marchex submits the majority of cases concluding there is no private right of action available under Section 64.1601(e), where courts have done a thorough analysis of the statutory text and its history, are more persuasive and more in keeping with the principle that courts should be reluctant to find a statutory private right of action in the absence of clear Congressional intent to create one. S*ee, e.g., Alexander v. Sandoval*, 121 S. Ct. 1511, 1520 (2001) ("Without [evidence of Congress's intent to create a private right of action], a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute."). Thus, Count III should be dismissed with prejudice.

## IV.     **Alternatively, Plaintiff's Class Allegations Should Be Stricken.**

If the Court does not dismiss the FAC in whole or in part on the dispositive grounds above, it should nevertheless strike Plaintiff's class allegations. It is axiomatic that "[s]ometimes the issues are plain enough from the pleadings" to determine that a case should not proceed as a class action and, thus, that a court may properly resolve class certification at the pleadings stage on a defendant's motion to strike before the plaintiff has moved to certify. *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982); *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011).

Further, "Rule 23(c)(1)(A) says that the district court should decide whether to certify a class "[a]t an early practicable time." *Pilgrim*, 660 F.3d at 949 (affirming district court order striking class allegations at the pleading stage). Accordingly, courts in this Circuit have recognized class allegations may be stricken at the pleadings stage before discovery under Rule 12(f) where, as here, "the complaint itself demonstrates that the requirements for maintaining a class action cannot be met" under Rule 23. *Sauter v. CVS Pharmacy, Inc.*, 2014 WL 1814076, at *2 (S.D. Ohio May 7, 2014) (quoting *Loreto v. Procter & Gamble Co.*, 2013 WL 6055401, at *2 (S.D. Ohio Nov. 15, 2013)) (striking class definition in TCPA case at the pleadings stage); *see also Eldridge v. Cabela's Inc.*, 2017 WL 4364205, at *10 (W.D. Ky. Sept. 29, 2017) (same).

Here, Plaintiff's class allegations should be stricken because he would not be an adequate class representative. A class representative is not adequate where they are "subject to unique defenses which threaten to become the focus of litigation" because "there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to [the representative]." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citing Fed. R. Civ. P. 23(a)).[9] Such is true for Mr. Dobronski. Indeed, as noted above, he is a professional serial TCPA litigant, is presently being sued in a separate case for fabricating TCPA claims (among other

---

[9] *See also In re Gibson Greetings Sec. Litig.*, 159 F.R.D. 499, 501 (S.D. Ohio 1994) (citing *Hanon* with approval when deeming a professional plaintiff inadequate for this reason); *Young v. Nationwide Ins. Co.*, 693 F.3d 532, 537 (6th Cir. 2012) (discussing the adequacy requirement under Fed. R. Civ. P. 23(a)(4)).

24

fraudulent acts), has claimed to have dozens of "residential" phone numbers throughout his various cases, has been repeatedly admonished and/or sanctioned for his litigation misconduct, and thus he would be subject to a variety of defenses in this case unique to him, should this case move past the pleadings stage. *See* fn. 2, *supra* (citing cases); *Dobronski v. Daraujo,* 2025 WL 3708891, at *1 (E.D. Mich. Dec. 22, 2025) ("Plaintiff admitted to engaging in a 'canary-trap scheme' designed to encourage multiple phone calls, such that he effectively consented to some of the challenged phone calls…."). All this renders him an inadequate class representative under Rule 23. *See, e.g., Tillman v. Hertz Corp.,* 2019 WL 3231377, at *2 (N.D. Ill. July 18, 2019) (striking class allegations in TCPA case for this reason). *See also Jamison v. First Credit Servs., Inc.,* 290 F.R.D. 92, 104-05 (N.D. Ill. 2013) (proposed TCPA class representative deemed inadequate where issues of credibility and defenses relevant to named plaintiff did not apply to all class members); *Sapan v. Veritas Funding, LLC,* 2023 WL 6370223, at *4 (C.D. Cal. July 28, 2023) (same).

## <u>CONCLUSION</u>

For all the reasons above or as may be presented, Plaintiff's FAC should be dismissed in its entirety or, alternatively, his class allegations should be stricken.

Dated: March 19, 2026         Respectfully submitted,

<u>By: /s/ A. Paul Heeringa</u>

*Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on March 19, 2026, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

<em>/s/ A. Paul Heeringa</em>

26

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK DOBRONSKI, individually and
on behalf of a class of all persons and
entities similarly situated,

  Plaintiff,

  v.

Case No. 2:25-cv-13806-RJW-EAS

Hon. Robert J. White

Hon. Elizabeth A. Stafford

MARCHEX, Inc.

  Defendant.

---

## BRIEF FORMAT CERTIFICATION FORM

I, A. Paul Heeringa, appearing as counsel for Defendant Marchex, Inc. in the above-referenced matter, certify that the foregoing brief complies with Eastern District of Michigan Local Rules 5.1(a), 5.1.1, and 7.1, and Judge White's Case Management Requirements, including the following:

☒ the brief contains a statement regarding concurrence, *see* LR 7.1(a);

☒ the brief, including footnotes, uses 14-point font, *see* LR 5.1(a)(3);

☒ the brief contains minimal footnotes and, in all events, no more than 10, *see* Case Management Requirements § III.A;

☒ the brief and all exhibits are filed in searchable PDF format, *see* Case Management Requirements § III.A;

☒ except for footnotes and necessary block quotes, the brief is double spaced (not "Exactly 28 pt" spaced) with one-inch margins, *see* LR 5.1(a)(2);

☐ deposition transcripts have been produced in their entirety (not in minuscript), *see* Case Management Requirements § III.A;  [NOT APPLICABLE]

☐ if the brief and exhibits total 50 pages or more, I will mail to chambers a courtesy copy with ECF headers, *see* Case Management Requirements § III.B. [NOT APPLICABLE]

I also acknowledge that my brief will be stricken from the docket if the Court later finds that these requirements are not met.

Dated: March 19, 2026

Respectfully submitted,

By: /s/ A. Paul Heeringa

**Manatt, Phelps & Phillips, LLP**
A. Paul Heeringa
Madelaine Newcomb
151 N. Franklin Street, Suite 2600
Chicago, Illinois 60606
Telephone: (312) 529-6300
Email: pheeringa@manatt.com
Email: mnewcomb@manatt.com

**Howard & Howard PLLC**
Jonathan F. Karmo
450 W. 4th St
Royal Oak, MI 48067
Telephone: (248) 723-0325
Email: jfk@h2law.com

*Counsel for Defendant*

2