**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| MARK DOBRONSKI, individually and on behalf of a class of all persons and entities similarly situated, | Case No. 2:25-cv-13806-RJW-EAS |
| Plaintiff, | |
| v. | Hon. Robert J. White |
| | Hon. Elizabeth A. Stafford |
| MARCHEX, INC. | |
| Defendant. | |

**DEFENDANT'S REPLY IN SUPPORT
OF ITS MOTION TO DISMISS AND/OR STRIKE
PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff's Opposition to Marchex's Motion to Dismiss and/or Strike ("Motion") confirms that his First Amended Complaint ("FAC") is fatally deficient for all of the reasons that Marchex identified. Thus, the Motion should be granted because the FAC pleads no nonconclusory facts tying Marchex to the initiation of the challenged communications or supporting other essential elements of his claims, and Plaintiff may not supply missing facts or further amend his pleading in a legal brief.

## I.        <u>Plaintiff Failed to Plausibly Allege Any Theory of TCPA Liability.</u>

As to Marchex's argument as to his failure to allege a TCPA liability theory (*see* ECF No. 18, PageID.138-149), Plaintiff addresses only potential direct TCPA liability (*see* ECF No. 21, PageID.175-185). But he does not respond to Marchex's independent ground for dismissal that the FAC also fails to plead vicarious liability because it alleges no facts showing any common-law agency relationship with any caller or Marchex's "control" over the "manner and means" of any third-party calling campaign (*see* ECF No. 18, PageID.148-9). Therefore, Plaintiff waived any response, and concedes he has not alleged and cannot pursue a vicarious liability theory. *See Albury v. Strategic Staffing,* 2025 WL 2552164 at * 3 (E.D. Mich. Sept. 4, 2025) ("[F]ailure to address an argument serves as a waiver of challenging that argument."). Plaintiff's arguments on direct TCPA liability nonetheless fail for several reasons.

**First**, Plaintiff asserts that he "has alleged a tight and corroborated chain of facts tying Marchex to the calls" at issue and thus "has plausibly alleged Marchex's

1

involvement in the calls with sufficient specificity to give rise to the inference of direct liability." ECF No. 21, PageID.175,177.[1] Of course, Plaintiff "[s]imply stating that [his] complaint is 'specific and detailed' and restating" (or, rather, misstating or paraphrasing) "its exact language [in his brief] is insufficient to meet the applicable pleading standards" and avoid dismissal here. *Freidman v. Massage Envy Franchising, LCC*, 2013 WL 3026641, at *3 (S.D. Cal. June 13, 2013) (TCPA case).

Moreover, Plaintiff's argument does not match the limited factual content of his pleading. In reality, there are ***only two*** paragraphs in Plaintiff's ***entire*** FAC that purport to link Marchex to the subject calls. In the first, Plaintiff concludes that "State Farm was Marchex's client for the calling campaign." ECF No. 15, ¶ 35, PageID.102. In the second, Plaintiff concludes that he "only learned of the Defendant's identity after State Farm identified them in this litigation." *Id*. ¶ 54, PageID.106. ***That is it***. There are no exhibits attached to or other facts alleged in the FAC "corroborating" these conclusory allegations, let alone facts indicating (i) how Marchex was supposedly "identified" by State Farm; (ii) what State Farm allegedly identified Marchex as (a vendor, a platform, a lead source, etc.); or (iii) why any such identification supports the required inference that Marchex itself "initiated" the calls. Even if the Court accepts ¶¶ 35 and 54 as true,

---

[1] Plaintiff misstates the standard for pleading direct liability. Again, "a person or entity 'initiates' a telephone call [for direct TCPA liability] when it takes the steps necessary to physically place a telephone call, and generally does not include persons or entities … that might merely have some role, however minor, in the causal chain that results in the making of a telephone call." *In re Dish Network*, 28 F.C.C. Rcd. 6574, 6583 (2013). Thus, ***mere "involvement" or calls "on behalf" of Marchex does not suffice.***

they remain conclusory labels that do not supply factual content tying Marchex to the specific initiation of the challenged calls. To the contrary, <u>none</u> of the calls or callers identified Marchex, according to <u>Plaintiff</u>. *See id.* ¶¶ 32-49, PageID.102-105. <u>None</u> of the numbers used to place the calls belong to Marchex either, according to <u>Plaintiff</u>. *See id.* ¶¶ 50-54, PageID.105-106. In short, there are <u>zero</u> nonconclusory facts in the FAC indicating what, if anything, Marchex did to initiate or place the calls, much less supporting a direct TCPA liability theory. "[S]imply asserting a purported fact does not make it one, where there are no factual allegations [pled] to support the asserted conclusion." *Bank v. Alleviate Tax, LLC*, 2024 WL 1332635, at *5, n.6 (E.D.N.Y. Mar. 28, 2024) (dismissing TCPA complaint). This rings particularly true in this case.

**Second**, Plaintiff's arguments on direct TCPA liability rest squarely, if not entirely, on new "facts" not found in the FAC. For example, the FAC does <u>not</u> plausibly allege (or even state in a conclusory fashion) that: (i) "State Farm identified Marchex as the entity that both placed the transfer and supplied the lead to State Farm," (ii) State Farm "indicated" Marchex had "involvement in the transfer process," or (iii) "State Farm's records identified Marchex as the source of the transfer and the lead," as Plaintiff now argues. ECF No. 21, PageID.177, 183, 188. Nor does it factually "connect the dots" between the numbers used to place the calls and the callers, or "trace" them back to Marchex, as the Opposition suggests. *Id.*, PageID.178-9 (citing *VanderSloot*). *See also id.,* PageID.173, 176, 182 (similar unpled "facts").

3

Of course, it is axiomatic that plaintiffs cannot "amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint" under Rule 12(b)(6). *Bates v. Green Farms Condo. Ass'n,* 958 F.3d 470, 483 (6th Cir. 2020) (citations omitted). Therefore, the Court should flatly reject Plaintiff's new "facts" and improper direct TCPA liability arguments based on them on their face— especially because, if such "records" or "identification" facts exist, they were plainly available to Plaintiff and easily pleadable. Their absence from the FAC underscores the entirely speculative nature of Plaintiff's allegations.

**Third**, Plaintiff asks the Court to take judicial notice of one partially-quoted passage from an SEC 10-K filing, arguing that it is reflective of Marchex's "business model" and shows "Marchex is involved in the placing of the precise type of calls alleged" in his FAC. ECF No. 21, PageID.184-185. Even if the Court takes notice of this irrelevant document,[2] it may only take notice of its *existence* as a public record, but not for the truth of the matters asserted therein. *See Passa v. City of Columbus,* 123 F.App'x 694, 697 (6th Cir. 2005). Moreover, a general description of Marchex's business offerings does not supply the missing factual link to the specific calls at issue here. While, again, mere "involvement" in calls is not enough for direct liability, that Marchex may be in the same business as many other AI companies does not support

---

[2] Indeed, there is nothing discussing a similar fact pattern as alleged here. It does not discuss Marchex making or transferring calls; it discusses call *analytics software*.

4

an inference that it placed the *specific* calls at issue here. In short, this irrelevant document does not support Plaintiff's claim, much less remedy the FAC's failure to plead nonconclusory facts tying Marchex to the initiation the challenged phone calls.

**Fourth**, while Plaintiff ignores most of the authorities cited in the Motion on this front, he misconstrues the few that he does address, including in particular this Court's prior dismissal orders in his other matters. In *Dobronski v. Russo*, for example, Plaintiff "simply alleged that 'Defendants or Defendants' agent' initiated calls" to him, without any factual enhancement, which the Court found was insufficient to plausibly state any TCPA liability theory. 2024 WL 4363118, at *5 (E.D. Mich. Sept. 30, 2024). That is what Plaintiff pled here, except in an even more overbroad and equivocating fashion—*i.e.*, that "***Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf***" placed, initiated, made, etc. the subject calls. ECF No. 15, ¶¶ 62, 84, 86, 87, 91, 93, PageID.108, 112-114 (emphasis added). Similarly, in *Dobronski v. Juliasangel Mktg., LLC,* "the sole non-conclusory mention of actions purportedly taken by" the moving defendant in Plaintiff's complaint occurred "during a phone call initiated by Plaintiff." 2025 WL 2659265, at *9 (E.D. Mich. Sept. 17, 2025). Here, Plaintiff's FAC contains <u>zero</u> "non-conclusory mentions" of any actions taken by Marchex as to the initiation any unlawful phone calls.

In *Aaronson v. CHW Grp., Inc.,* 2019 WL 8953349, at *2 (E.D. Va. Apr. 15, 2019)—which the Court discussed in the *Dobronski v. CHW Group* case, on which

the Opposition relies—the complaint at bar was devoid of facts such as "how the caller identified itself, the substance of the calls, or any other details from the telephone calls that would tend to identify defendant as the party that actually, physically took the steps to place the calls to plaintiff's phone." Here, per the FAC, the callers and the content of the calls did <u>not</u> identify Marchex as the party that initiated the calls to Plaintiff, or identify it <u>at all</u>. Plaintiff's two conclusory and unsupported allegations about State Farm do not save his FAC from the same fate as the *Aaronson* complaint.

And in *Wilson v. MedVidi Inc.,* 2025 WL 2856295, at \*4 (N.D. Cal. Oct. 7, 2025), the court noted, when dismissing on direct TCPA liability grounds, that "[t]here [wa]s no discussion [in the complaint] of any investigation Plaintiff conducted to form the understanding that Defendant operated the separate phone numbers from which the messages [at issue] were sent." While Plaintiff's FAC here contains conclusory allegations about such a number investigation, the results did not connect the numbers used to Marchex. *See* ECF No. 15, ¶¶ 50-53, PageID.105-106. In sum, these (and other) authorities in the Motion are all directly on-point and support dismissal here.[3]

**Finally**, Plaintiff posits that the Motion "attempts to fault Plaintiff for purportedly pleading direct liability 'in the alternative.'" ECF No. 21, PageID.184-185 (citing *McClain*). Not so. As the Opposition admits, Plaintiff's <u>only</u> pled TCPA

---

[3] In stark contrast, none of Plaintiff's scant cited authorities in his Opposition on this key threshold issue (*e.g.*, *Bradshaw*, *Dobronski v. CHW*, *Dobronski v. Daraujo*, *Moore, VanderSloot,* and *McClain*) are remotely factually analogous to this case.

liability theory is direct liability. The Motion shows he did not adequately plead that theory, and the Opposition does not demonstrate otherwise. While the FAC employs legal buzzwords, it lacks facts supporting a vicarious liability theory; and Plaintiff's Opposition does not address (thus conceding) Marchex's argument in that regard.[4]

## II.    Plaintiff Failed to Allege Facts Supporting Other Elements of His Claims.

As to Plaintiff's failure to allege "residential" use of the two subject phone numbers (ECF No. 18, PageID.150-3), the Opposition ignores all of Marchex's many cited authorities[5] and essentially argues that merely parroting the statutory text and using the word "residential" or saying they are not used for "business" should be enough. ECF No. 21, PageID.185-186. While some courts may have found such threadbare conclusions sufficient to plead this element, many others have not and have consistently required more factual enhancement to meet *Iqbal*/*Twombly*, as the Motion shows. Moreover, such facts about Plaintiff's numbers are surely within Plaintiff's knowledge and could easily be pled if they exist, which would remove any doubt as to the residential use of those numbers. *See* ECF No. 18, PageID.153 (citing *Rogers*).

As to Plaintiff's failure to allege that he registered the subject numbers on the DNC Registry (*see* ECF No. 18, PageID.153-4), the Opposition relies on policy

---

[4] Further, "pleading in the alternative" means pleading *facts* supporting an alternative theory of liability. *See, e.g., Kwan v. Schlein*, 246 F.R.D. 447, 451 (S.D.N.Y. 2007); *Denney v. Humana Ins. Co.,* 2023 WL 8358564, at *3 (W.D. Okla. Dec. 1, 2023). But here, Plaintiff pled *no* facts supporting *any* liability theory against Marchex.

[5] Plaintiff oddly refers to "*Worsham* and *Target Advance,*" which Marchex did not cite.

7

considerations and nonbinding decisions that do not alter the plain language of the governing regulation, which applies only to a "residential telephone **subscriber who has registered his or her** telephone number" on the Registry. 47 C.F.R. § 64.1200(c)(2) (emphasis added). But this Court is required to apply the plain language of the regulation, **as written**. *See Saginaw Chippewa Indian Tribe of Mich. v. Blue Cross Blue Shield of Mich.,* 32 F.4th 548, 557–58 (6th Cir. 2022). And even if courts have disagreed with the *Rombough* court's thorough analysis of this issue, as the Opposition notes, Plaintiff ignores the *Rogers* case in the Motion (*see* ECF No. 18, PageID.153-4), where the court reached the same sound conclusion as in *Rombough*. In short, Plaintiff's arguments cannot override the language of the regulation, nor does it obviate his obligation under *Iqbal*/*Twombly* to plead facts in support of his claims.

Lastly, while Marchex acknowledges that other district courts have found that 47 C.F.R. § 64.1601(e) affords a private right of action, it reiterates that "[t]he majority of courts" have held otherwise (*Juliasangel*, 2025 WL 2659265, at *11),[6] and respectfully submits that the thorough and well-reasoned decisions issued by those courts are more persuasive authority on this issue and thus should be followed here.

Dated: May 21, 2026                    Respectfully submitted,

                                       By: /s/ A. Paul Heeringa

                                       *Counsel for Defendant*

---

[6] Local briefing limits do not permit Marchex to address Plaintiff's many flawed counterarguments on its alternative motion to strike, which are not conceded.

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 21, 2026, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*/s/ A. Paul Heeringa*